## CARRIE BEST, Respondent, v. CITY OF ST. JOSEPH, Appellant.

### Kansas City Court of Appeals, May 4, 1914.

1. **NEGLIGENCE: Municipal Corporations: Damages: Sidewalks: Snow and Ice.** Where plaintiff's petition charged that a certain walk was dangerous and unsafe by reason of rough, knotty, uneven and slippery ridges of ice which had formed and remained for so long a time as to give notice to the city of the unsafe condition, and that she was thereby caused to fall and receive an injury, her recovery will not be defeated because her testimony shows, in addition to the facts supporting the above charge, that the walk itself was rough and uneven having been constructed of blocks of cement laid loosely upon the ground with large irregular cracks between them. If the accumulation of snow and ice formed an obstruction on the walk rendering it dangerous and not reasonably safe and was the direct cause of the fall, then the city cannot escape liability merely by showing that the dangerous condition was increased by the faulty construction of the walk.

2. **PLEADING: Grounds of Negligence.** A petition which charges one specific act of negligence will not support a recovery upon another and different ground.

3. **EVIDENCE: Whether Defect was in a City Street.** Where the entire record shows that the case was tried on both sides upon the theory that the place of the accident was on a publicly travelled street of the city and no contention was made that it was not, the case will not be reversed because there is no evidence specifically and expressly saying it was a street of the city.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk,* Judge.

AFFIRMED.

*F. B. Fulkerson, L. E. Thompson* and *Herman Hess* for appellant.

*Mytton & Parkinson* for respondent.

TRIMBLE, J.—Plaintiff sued the city of St. Joseph for injuries received from a fall upon a sidewalk in said city. Her petition charged that at the point in question rough, knotty, uneven and slippery ridges of ice had formed and remained for a long time prior to the accident and had rendered the sidewalk dangerous and unsafe.

There was evidence tending to fully support every issue raised by the petition, and the jury found a verdict for her in the sum of $1000.

Plaintiff's evidence also showed that the walk itself was rough and uneven having been constructed of blocks of cement laid loosely upon the ground with large and irregular cracks between them. It is defendant's contention that it was the defectively constructed sidewalk that caused the injury and not the accumulation of snow and ice in ridges or hummocks; and that the petition having charged one specification of negligence, plaintiff ought not to be allowed to recover upon another and different ground.

There is no doubt that a plaintiff should not be allowed to recover for an act of negligence not included in the petition. But in our opinion this was not done in this case. Plaintiff did not plead one ground and recover upon another. She charged that the sidewalk was rendered dangerous and unsafe by reason of the ice forming in lumps and ridges and the proof showed, or tended to show, that such was the case and that it had remained thus for a sufficient length of time to have enabled the city to know of it in the exercise of ordinary care. Her instructions to the jury predicated her right to recover solely upon the finding of such facts by the jury.

It was not necessary for plaintiff's instruction No. 1 (complained of by defendant) to embrace the defense that the defective condition of the sidewalk itself, and not the snow and ice, caused the injury because the instruction by its very terms necessarily included it.

The instruction told the jury that before plaintiff was entitled to recover the jury must believe that the ridges, knots and lumps of snow and ice, if any, constituted an obstruction, rendered the walk dangerous and unsafe and was the direct and immediate cause of the alleged fall. Before a verdict for plaintiff could be returned the jury were required to find that there was an accumulation of snow and ice forming an obstruction on the sidewalk rendering it dangerous and that the obstruction caused the fall. It was, therefore, not only unnecessary, but might have been misleading to tell the jury that they must also find that the defective condition of the walk, as constructed, did not cause her to fall. For if the obstruction of snow and ice was the proximate cause of the fall the city could not escape liability by showing that the dangerous condition of the walk was increased by its faulty construction. In other instructions the jury were told that the mere fact that plaintiff fell and was injured at the point in question did not render defendant liable or entitle plaintiff to recover; also that the burden was on plaintiff to show that the walk was in a dangerous or defective condition by reason of snow and ice having been permitted to accumulate and remain thereon in uneven ridges or masses.

The court did not err in refusing defendant's instruction lettered "A" since it was fully covered by defendant's given instructions numbered 5 and 9.

It is true there is no witness who testifies affirmatively that the point in question on Charles street was in the city of St. Joseph, Missouri. And while we cannot consider the alleged admission of the attorneys in the opening statement that the place was inside the city, (since the opening statement was not preserved in the record), yet it is plainly apparent from the questions and answers, the instructions asked by and given for both sides, and from the manner in which the case was tried, that the fact that the walk was in

the city and was a city sidewalk was not a disputed issue, but was assumed by all parties. We are, therefore, not justified in reversing and remanding the case upon this ground. There being no error in the record, the judgment is affirmed. All concur.