# HAL L. OLIVE, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

### St. Louis Court of Appeals, March 6, 1917.

1. **STREET RAILWAYS: Injury to Passenger: Necessity of Proving Ownership of Car.** In an action against a street railway company for injuries to a passenger, it should appear, either directly or by reasonable inference, that the car in question was being operated by defendant and that the operatives who are alleged to have inflicted the injuries were in its employ.

2. **APPELLATE PRACTICE: Conclusiveness of Trial Theory.** In an action against a street railway for assault, defendant, upon its demurrer to the evidence being overruled, called as witnesses the conductor and motorman to testify concerning the difficulty, and asked for instructions based upon the theory that the conductor was justified in using such force as he did to eject plaintiff from the car, and did not intimate, during the trial, that the car upon which the difficulty occurred was not its car or that the motorman and conductor were not in its employ, nor make the specific point in its motion for a new trial that plaintiff had not proved such ownership or employment. *Held*, that having tried the case as though it were a conceded fact that it owned the car and that the motorman and conductor were in its employ, defendant would not be permitted to avail itself of the point, on appeal, that these facts were not established by the evidence.

3. **STREET RAILWAYS: Injury to Passenger: Proof of Ownership: Character of Proof.** In an action against a street railway company for injuries to a passenger, very slight evidence is sufficient to warrant an inference, that defendant operated the car in question and that the motorman and conductor thereof were in its employ; and especially is this true where this question is put in issue by a general denial and the trial proceeds as though it were conceded that defendant operated the car.

4. ————: ————: ————: ————: **Sufficiency of Evidence.** In an action against a street railway company for assault, the conductor and motorman of the car in question were introduced as witnesses by defendant, their testimony being inconsistent with any theory other than that defendant owned and operated the car and that these witnesses were in its employ. The conductor was interrogated, and he testified, concerning the rule of "the company." *Held*, that there was sufficient evidence to warrant an inference that defendant operated the car and that the motorman and conductor who testified were in its employ; the company mentioned in the evidence manifestly referring to defendant.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

AFFIRMED.

*Boyle & Priest, Morton Jourdan* and *T. M. Pierce* for appellant.

The court erred in submitting the case to the jury, since the respondent failed to prove that the appellant was operating the car at the time he was attacked, and the respondent failed to prove that the conductor and motorman were in the employ of the appellant at the time. Reisenleiter v. Railroad, 155 Mo. App. 89; Muehlebach Brewing Co. v. Dunham, 177 S. W. 1067; Frisby v. Transit Co., 214 Mo. 567.

ALLEN, J.—This is an action to recover damages for an assault alleged to have been committed upon plaintiff by defendant's servants in charge of a street car operated by defendant, in the city of St. Louis, upon which plaintiff was a passenger. The trial, before the court and a jury, resulted in a verdict and judgment for plaintiff for $250 actual damages and $250 punitive damage, and the case is here on defendant's appeal.

On May 5, 1912, plaintiff with some companions boarded an "Olive Street Car," at Sixth and Olive streets in the city of St. Louis, and stood upon the rear platform thereof. Shortly thereafter a dispute arose between plaintiff and the conductor of the car regarding the payment of fare. Plaintiff thereupon went within the car, for the purpose, according to his testimony, of making an explanation to the conductor—and was assaulted by the conductor, or by both the conductor and the motorman, and was ejected from the car. And there is evidence that plaintiff was further assaulted and beaten after being removed from the car. The conductor, testifying as defendant's witness, admitted that he assaulted plaintiff after the latter went within the car. He testified that upon signalling the motorman to stop the car

in order to eject plaintiff, some one on the rear platform struck him through an open window, whereupon he struck plaintiff, felling him to the floor of the car, and ejected him.

It is unnecessary to state the evidence in more detail, for the only assignment of error before us is that the trial court erred in submitting the case to the jury for the reason that plaintiff failed to prove that defendant was operating the car upon which plaintiff was assaulted or that the conductor and motorman thereof were in defendant's employ at the time.

It is true that it should appear, either directly or by reasonable inference, that the car was being operated by the defendant and that the conductor and motorman were in its employ. But on the record before us we are convinced that appellant's contention that the judgment should be reversed, on the ground stated, cannot be sustained.

In support of appellant's contention we are referred to: Frisby v. Transit Co., 214 Mo. 567, 113 S. W. 1059; Muelhebach Brewing Co. v. Dunham, 177 S. W. 1067; Reisenleiter v. United Rys. Co., 155 Mo. App. 89, 134 S. W. 11. These cases, we think are not controlling here. In Frisby v. Transit Co., supra, plaintiff suffered a nonsuit at the close of his case, and consequently defendant introduced no testimony. In Reisenleiter v. United Rys. Co., supra, defendant stood upon its demurrer to the evidence, interposed at the close of plaintiff's case. In Muelhebach Brewing Co. v. Dunham, supra, it does not appear from the opinion that defendant introduced any evidence; but in any event the case is distinguishable from that before us. In none of these cases, it seems, did anything appear either directly or inferentially tending to connect the defendant with the negligent act charged. Nor does it appear in any of them that the defendant tried the case upon the theory that its ownership of the car was not a controverted question at the trial.

In Lackland v. United Rys. Co., recently decided by this court, not as yet published, the defendant stood upon

its demurrer at the close of plaintiff's case. Plaintiff prevailed, but the court sustained defendant's motion for a new trial. On appeal we held that the ruling below could not be disturbed; that the motion could properly have been sustained on the ground that the case should not have been submitted to the jury for the reason that nothing, directly or inferentially, appeared tending to show that the defendant operated the car in question.

In the case before us defendant did not stand upon its demurrer, but proceeded to put in its defense, and called as witnesses the conductor and motorman of the car who testified at length as to the circumstances surrounding the assault upon plaintiff. And defendant offered instructions based upon the theory that the conductor was justified, under the circumstances shown in evidence, in using such force as he did to eject plaintiff from the car. The case was tried throughout by defendant upon the theory that the only matter in controversy was whether the assault was justified or otherwise. There was no intimation whatsoever that the car upon which the assault occurred was not defendant's car, or that the motorman and conductor were not in its employ; but these were treated as conceded facts in the case. And no point was specifically made of this matter in defendant's motion for a new trial. Under the circumstances we think that the trial court was justified in proceeding upon the assumption that defendant conceded that it was the operator of the car and that the conductor and motorman were in its employ. And having tried the case on the theory mentioned, defendant ought not to be permitted on appeal to avail itself of this point, which, at best, has been all the while ambushed behind a demurrer to the evidence. [See O'Keefe v. United Rys. Co., 124 Mo. App. 613, 101 S. W. 1144. Chinn v. Naylor, 182 Mo. 1. c. 594, 595, 81 S. W. 1109; Best v. St. Joseph, 179 Mo. App. 330, 166 S. W. 817.]

But aside from what we have said above, and without resting our decision thereupon, we regard it as entirely clear that the point made by appellant is not

here well taken, for the reason that there was some evidence adduced which, in our opinion, sufficed to raise an inference that defendant operated the car by and through the conductor and motorman who testified in the case. Very slight evidence is sufficient to support such inference, particularly where, as here, the matter is put in issue only by defendant's general denial and the case proceeds as though it were a conceded fact that defendant was answerable for the acts of those in charge of the car. [See O.'Keefe v. United Rys. So., supra; Reisenleiter v. United Rys. Co., supra; Frisby v. Transit Co., supra; Muelheback Brewing Co. v. Dunham, supra; Lackland v. United Rys. Co., supra.] Not only is the testimony of the conductor and motorman, adduced by defendant, inconsistent with any theory other than that defendant owned and operated the car, and that these witnesses were in its employ, but during the examination of the conductor the court asked him: "What was the rule of *the company* at that time about taking the fare and putting it in the box?" (Italics ours.) The witness answered this and other questions propounded by the court respecting the rules of "the company" relating to the collecting and registering of fares. It cannot be doubted that by "the company" was meant the defendant, United Railways Company; that the witness was testifying as to defendant's rules, and that this was fully understood. Indeed, neither court nor jury was concerned with the rules of any company, other than the defendant which alone was on trial. Manifestly the court was thus eliciting testimony concerning *the* company alleged to be responsible for the acts of those in charge of the car, i. e. the defendant company, as the questions and answers imply. And from this testimony alone we think that it is to be readily inferred that the defendant operated the car and that the conductor and motorman were in its employ.

It follows that the judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.