## LAMAR v. PANHANDLE & S. F. RY. CO. et al. (No. 1823.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 19, 1921. Rehearing Denied Nov. 16, 1921.)

**1. Appeal and error ⬅499(4), 544(1)—Record must show that objections to charge were presented before charge was read, but bill of exceptions is not necessary.**

Objections to the charge of the court cannot be reviewed where the record does not show they were presented before the charge was read to the jury, though it is not necessary to take a formal bill of exceptions.

**2. Carriers ⬅321(21)—Request to instruct that burden was on carrier to show wreck was not caused by its negligence properly refused.**

In an action for injuries in a collision, the court properly refused to instruct that burden was on defendant to show the wreck was not caused by its negligence, since the rule of res ipsa loquitur does not shift the burden, nor convert defendant's general issue into an affirmative defense, but simply warrants an inference of negligence.

**3. Trial ⬅260(8)—Requested charge held covered by given charge.**

In an action for injuries to passenger, where court charged that "it was the duty of appellee to have used the highest degree of care for her safety," and "to use the highest degree of care to avoid injury to her, and if they failed to do so, said failure, if any, was negligence," it was unnecessary to grant plaintiff's request to instruct that it was the duty of the defendant "to have used the highest de-gree of care for the safety of said wife, and if defendant failed to use such care, and as a proximate result thereof said passenger train was wrecked," to find for the plaintiff.

**4. Carriers ⬅345—Testimony as to injuries to trainmen held admissible.**

In an action for injuries received by passenger in collision between train and engine, testimony that a fireman was killed, and that one of the engineers had a leg broken, was admissible as tending to show that injured passenger was not thrown from her seat by carelessly occupying it, as charged in the answer.

**5. Appeal and error ⬅1064(1)—Instruction excluding testimony not harmful.**

In an action for injuries to a passenger received in collision between train and freight engine, where the undisputed facts showed that there was a head-on collision in which the freight engine was knocked 300 yards and another engine demolished, it was not prejudicial error for the court to instruct the jury to disregard testimony that the fireman was killed and the engineer had had a leg broken; other facts sufficiently establishing the force of the collision, which plaintiff sought to show.

**6. Release ⬅57(1)—Consideration held not insufficient.**

In an action for injuries to a passenger in a collision between a train and a freight engine, evidence *held* to sustain a finding that the passenger was not seriously or permanently injured, and that $50, paid to her by the carrier, compensated her for any injury she received.

**7. Carriers ⬅318(7)—Fact of wreck not conclusive evidence of negligence.**

In an action by passenger for injuries received in a collision between a train and a freight engine, uncontroverted testimony, showing the wreck and a severe shake-up of the train, *held*, under the circumstances, not to conclusively show that carrier failed to use the highest degree of care.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by Jesse Lamar against the Panhandle & Santa Fé Railway Company, and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Barrett, Works & Deatherage, of Amarillo, for appellant.

Terry, Cavin & Mills, of Galveston, and Madden, Trulove, Ryburn & Pipkin, of Amarillo, for appellees.

HUFF, C. J. This action was brought by appellant Lamar against appellee railway company for damages occasioned by injuries received by his wife on a passenger train of appellee and while she was a passenger thereon, between Lubbock and Farwell, near Lariat. "Through some negligence not definitely known to plaintiff, said train had a collision, and was negligently wrecked and jolted and jarred and partially derailed, and

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

shook to such an extent that it threw plaintiff's said wife down against the floor and seats of said train and car in which she was riding as such passenger," inflicting injuries for which damage is sought. The defendant railway company answered by general denial, alleging specially that the wife of appellant was herself negligent, which contributed to her injuries, and that they were negligent in treating her injuries afterwards, and that her present condition, if diseased. was not caused by the injuries received on the train, but was from prior causes which she had sustained perhaps in earlier life, etc. It is alleged that the jar or jolt was caused by the striking of two of defendant's engines, one of which was pulling the passenger train in question, which was occasioned by or occurred in a blinding snowstorm of a nature unprecedented in that section of the country, and which could not have been in any manner anticipated. They further allege a settlement with the wife by paying her $50, which she and her husband accepted as full settlement of the injuries sustained, The plaintiff, by supplemental petition, pleaded that the settlement was procured by fraud, and that the wife was induced to sign it by false and fraudulent representation and at a time when she was mentally incapacitated from entering into such arrangement, and further pleaded coverture; that is, that her husband did not join with her in the making of the settlement. The railway company by supplement in answer to plaintiff's last plea set up estoppel against the plaintiff, the husband, to deny the validity of the release, in that he accepted the $50 paid in settlement to his wife, and received the benefit with full knowledge of the source and refused to turn it back, etc. The case was submitted to a jury upon a general charge, and a general verdict was rendered for the defendant, and judgment entered accordingly. The facts show that Mrs. Lamar was a passenger on the train in which she was injured; that the passenger train upon which she was riding was traveling east, and there was a freight train on the same track, traveling west; that at the time of the injury there was a severe snowstorm prevailing, and that the freight train had been stalled in a cut, and the engine of that train cut loose, and, as described, was "bucking" the snow, and it seems had gone forward when the collision occurred between the passenger engine and the freight engine, knocking the freight engine some distance down the track and demolishing the other engine. The mail car seems to have been partially turned over, and the coach in which Mrs. Lamar was riding apparently was lifted off the track or tilted, but settled back on the track, and she was thrown from her seat into the aisle, and apparently rendered unconscious at the time. There is some evidence to the effect that a flagman had been stationed in order to flag the train, but on account of the snow the engine passed the flagman without seeing him. The facts in this particular are very meager, and evidently not fully developed by either party. At this time we will not state the facts further, but in considering some of the assignments we will call attention to the necessary facts.

[1] The first assignment is to the effect that the trial court erred in submitting the question of wreck of the train in which Mrs. Lamar was a passenger, and the question as to her being a passenger because the facts were not disputed on these points. The second assignment is the court was in error in his charge in placing the burden of proof on the plaintiff to prove negligence and the wreck of the train, for the reason after he had established the wreck the burden was on defendant to show the train was not wrecked by the negligence of defendant. The appellee insists the assignments should not be considered for the reason that no objection is shown to have been made to the charge of the court before it was read to the jury by the court. In this we think the appellee is sustained by the record. The appellant presented an instrument, requesting the court to withdraw the charge objected to and submit the requested charge thereto appended, and in the same instrument presented certain objections to the court's charge. This was signed by counsel for the plaintiff, and marked "Refused" and "Plaintiff excepts," signed by the trial judge. The same method was used as to both grounds set up in the two assignments. It is not shown when this was presented to the trial court, but indications are that it was after the charge had been read to the jury. Objections to the charge of the court cannot be reviewed where the record does not show they were presented before the charge was read to the jury. Such objections will be considered as waived, where objections are not shown to have been made and presented in proper time. This, we think, is the unanimous holding of the courts. Railway Co. v. Culver, 168 S. W. 514; Electric Express, etc., v. Ablon, 218 S. W. 1030; Midkiff v. Benson, 225 S. W. 186; Ball v. Henderson, 228 S. W. 361. It is not necessary to take a formal bill of exceptions, but it should appear from the record the objections were presented to the court before the charge was read to the jury. Railway Co. v. Dickey, 108 Tex. 126, 187 S. W. 184. The objection to the charge of the court should be regarded as waived under the statute.

[2] The fourth assignment asserts error in refusing special charge No. 1, which is:

"The court withdraws from your consideration subdivision 5, under paragraph 1 of his main charge herein, and substitutes therefor

the following: 'It is undisputed by the facts of this case that there was a wreck, and that plaintiff's wife was a passenger on the train of defendant at the time of said wreck, and you will so find, but the burden was on the plaintiff to prove that as a proximate result of such wreck plaintiff's wife received some or all of the injuries set up in her petition, and if plaintiff has not discharged this burden, you will find for the defendant. In this connection you may consider all the evidence, whether introduced by the plaintiff or the defendant. But if the evidence shows by a preponderance thereof that the wreck occurred without negligence on the part of the defendants, its agents or servants, then you will find for the defendant. But if defendant has failed, considering all the evidence, to show that the wreck occurred without its negligence, and you further find that plaintiff's wife was injured in whole or in part, as alleged, as the proximate result of such wreck, and you fail to find she was guilty of contributory negligence, you will find for the plaintiff.' "

The trial court instructed on the burden or proof that the burden was on the plaintiff to show his wife was a passenger on the train; that the car in which she was riding was wrecked, jolted, jarred, etc., as alleged, and that the same was caused by the defendant's negligence and that the wife's injuries was the proximate result of such negligence, and further instructed the jury they could consider all the evidence introduced by either party in connection therewith. It will be perceived that the requested charge assumed that the wreck (collision) of the two trains was negligence, and that the burden was on the appellee to show the wreck was without negligence on its part. Under the requested charge the jury was only required to find that the injuries of Mrs. Lamar were the proximate result of the wreck. The appellant presents as propositions:

"(1) Under the facts of the case the burden was on the appellee to prove that the train was not wrecked by the negligence of appellee after appellant had proved the wreck and injury to his wife; (2) under the facts of this case the burden was on the appellee, after it was proven that appellant's wife was a passenger and the wreck had occurred, and that she was injured as a proximate result thereof, to show that said wreck was without negligence on the part of appellee."

As will be seen from our preliminary statement, there was a snowstorm prevailing, and the freight train was stalled in a cut. The freight engine had been detached, and the facts suggest that on account of the storm then raging that the operators of the engine failed to see the flagman, who had been stationed, it seems, to warn of the obstruction on the track. If the facts in this case brought it within the rule of res ipsa loquitur, which is the doctrine that the facts of the occurrence warrant an inference of negligence, this does not shift the burden of proof, nor does it convert the defendant's general issue into an affirmative defense. When all the evidence is in it is for the jury to determine whether the preponderance is with the plaintiff. Whether the defendant introduced evidence or not, the plaintiff is not entitled to a verdict unless he satisfies the jury by a preponderance of the evidence that his injuries were attributable to the defendant's negligence. Sweeney v. Irving, 228 U. S. 233, 33 Sup. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905; Steward v. Carpet Co., 138 N. C. 60, 50 S. E. 562. Our Supreme Court has substantially so announced the rule. Railway Co. v. Parks, 97 Tex. 131, 76 S. W. 740; Railway Co. v. Robinson, 73 Tex. 277, 11 S. W. 327; Railway Co. v. Lauricella, 87 Tex. 277, 28 S. W. 277, 47 Am. St. Rep. 103; Railway Co. v. Day, 50 Tex. Civ. App. 407, 111 S. W. 663; Railway Co. v. Burleson, 157 S. W. 1178; Washington v. Railway Co., 90 Tex. 314, 38 S. W. 764; Railway Co. v. Langford, 201 S. W. 1087, by this court. In the Lauricella Case, supra, it is said:

"Although the derailment of the train may have been sufficient to raise the presumption of negligence, yet it did not devolve upon the defendant the duty of showing by evidence of a preponderating weight that the accident was not the result of its negligence. It was entitled to a verdict if the evidence upon the issue was balanced; that is, if it preponderated on neither side."

If there was nothing in the record but the naked fact of a collision between two trains upon an open track between switches, negligence might have been properly inferred, and such an instruction probably would not constitute reversible error, even though it embodied an incorrect proposition of law and was a charge upon the weight of the evidence, for the reason that a jury may not have been justified in finding otherwise than that there was negligence. Such as we interpret is the holding in the case of Railway Co. v. Stivers, 211 S. W. 319, and authorities cited therein, upon which the holding is based. The facts in this case present a reasonable explanation of the collision upon which the jury should have the right to pass. It would have been error to have withdrawn such facts from the consideration of the jury. This would have been the effect of the charge requested, had it been given.

[3] The fifth assignment is based on the refusal to give special charge No. 2, which in effect requested that the jury be instructed that it was the duty of the defendant "to have used the highest degree of care for the safety of said wife, and if defendant failed to use such care, and as a proximate result thereof said passenger train was wrecked," to find for plaintiff. The appellee presents thereunder the proposition that, Mrs. Lamar being a passenger,

"it was the duty of appellee to have used the highest degree of care for her safety," and a failure to use such care authorized a recovery for injuries as the proximate result of such failure. The trial court substantial- ly so charged the jury. He told the jury it was the duty of the railway company to use the highest degree of care to transport her with safety. The jury were also instructed to the same effect by the court in applying the law to the facts. They were charged that it was the duty of the defendant "to use the highest degree of care to avoid in- jury to her, and if they failed to do so, said failure, if any, was negligence." We think the trial court substantially charged the jury as requested, and on the point assigned, and it was unnecessary to repeat the charge by giving appellant's requested charge.

The sixth assignment is to the effect that the trial court erred in placing the burden of proof on plaintiff to prove his wife free from contributory negligence. We have ex- amined the charge of the court on this point and fail to find where it so placed the bur- den.

[4, 5] The seventh assignment assails the action of the court in charging the jury to disregard the testimony of the witnesses Gentry and Mitchell, which was to the effect that a fireman was killed, and that one of the engineers had a leg broken. The testi- mony, as shown by the bill of exception, is that in the collision the fireman was killed and one of the engineers had a leg broken. The testimony was admissible. It was part of the occurrence, and had a tendency to show the force of the impact of the two engines, and would tend to show that Mrs. Lamar was not thrown from her seat in the car by carelessly occupying it, as charg- ed in the answer. The court was in error in charging the jury to disregard the evidence, and that it was highly improper as such. Railway Co. v. Wright, 19 Tex. Civ. App. 47, 47 S. W. 56 (4); Railway Co. v. Lehmberg, 75 Tex. 61, 12 S. W. 838. However, in hold- ing the testimony admissible, we think no material injury is shown by its exclusion. The undisputed facts show there was a head- on collision, in which the lighter engine was knocked down the track 300 yards, and an- other engine demolished. The passenger train was being pulled by a double header. The mail coach was partially turned over on its side, but the coach in which Mrs. Lamar was riding did not leave the track, and no other coach in the train was turned over or left the track. These facts it seems to us sufficiently established the force which appellant sought to show as causing Mrs. Lamar to be thrown from her seat in the car and to negative con-

tributory negligence. If the killing of the fireman or crippling of the engineer had been shown, it would have added but little, if any, force to appellant's theory. The exclusion of this testimony was not reasonably calcu- lated to have induced a different verdict.

The eighth assignment asserts the verdict of the jury is without evidence to support a finding that Mrs. Lamar was guilty of neg- ligence. The verdict is a general one, and there is nothing in the verdict to evidence that the jury found for appellee upon that theory.

The ninth assignment is that the verdict is against the evidence, wherein it is found the wife was not injured.

[6, 7] The tenth assignment is that the ver- dict is without evidence to support the find- ing that there was no wreck. The evidence doubtless shows sufficiently that Mrs. Lamar received some injury, but the testimony shows she accepted $50 as compensation therefor, and the jury could infer from the testimony that her husband ratified the set- tlement so made. The court submitted only the question of ratification of the settlement, and did not submit the other questions of fraud and the like. The jury had ample testimony upon which to find that Mrs. La- mar was not seriously or permanently in- jured. There is testimony by a physician who examined her that there were no marks of injury found by him. The testimony shows before this injury she was a nervous, hysterical woman; that she had fainting spells, or epilepsy; that her mind was im- paired thereby, and that she had been tried on a charge of lunacy; that her condition was no worse after the accident than before; that this condition had probably been brought about by a sunstroke in her early life. We think the testimony amply suffi- cient to show that the $50, paid and accepted by both the wife and husband, compensated her for any injury she actually received in the accident. It is doubtless true the testi- mony uncontrovertedly showed a wreck of the engine by collision and a severe shake- up of the train, but under the circumstances of this case, from that fact alone it does not necessarily follow that the appellant has conclusively shown that appellee failed to use the highest degree of care for the safety of Mrs. Lamar, as a passenger. The jury may have found that appellee was not neg- ligent in that respect. If appellant had, by his assignment, asserted the failure of the testimony to support such a finding, we would not be prepared as a matter of law to hold it was without evidence in its support.

We find no reversible error assigned, and the judgment will be affirmed.