## DALLAS RY. CO. v. WARLICK et al.*
### (No. 125.)

(Court of Civil Appeals of Texas. Waco. Dec. 18, 1924. Rehearing Denied Jan. 22, 1925.)

1. **Appeal and error** ⇐930(3)—**Finding by court of defendant's responsibility for operation of street car causing injuries presumed, if any evidence to support.**

In action for injuries, sustained by plaintiff when boarding a street car, in which she had judgment, and in which no issue of responsibility of defendant for manner in which such car was operated was submitted to jury, finding by court of such responsibility would be presumed, if there was any evidence to support it.

2. **Pleading** ⇐127(1)—**Where answer contains general denial, statements in other pleas not available to establish allegations of petition.**

Under Rev. St. art. 1902, defendant may interpose as many pertinent pleas as he sees fit, notwithstanding allegations in one may be contradictory of allegations in another, but a general denial puts in issue all of material allegations of plaintiff's petition, except such as are required to be traversed by special pleadings, and hence, where answer contains general denial, statements in other separate pleas in same answer cannot be used as evidence to establish any of allegations in plaintiff's petition.

3. **Carriers** ⇐318(8)—**Evidence held sufficient to raise issue and support presumption of finding that defendant was responsible for operation of street car.**

In action for injuries sustained by plaintiff when boarding a street car, evidence *held* to raise issue and to support presumption of trial court's finding that defendant was in fact responsible for operation of such car at time of accident.

4. **Negligence** ⇐58—**Natural and probable result of act anticipated.**

Ordinarily direct result of an act is natural and probable result of the same; every one being held to anticipate natural and probable result of his action.

5. **Trial** ⇐352(4)—**Court's refusal to submit defendant's requested charge defining proximate result held not erroneous, where issue of intervention of independent cause not raised by evidence.**

In action for injuries sustained by plaintiff when boarding a street car, court's refusal to submit charge defining "proximate result" was not erroneous, where charge was inapplicable, in that it involved issue of intervention of a new and independent cause, and no such issue was raised by evidence.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Mrs. Addie Warlick and others against the Dallas Railway Company. Judg-

ment for plaintiffs, and defendant appeals. Affirmed.

Beal, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellant.

W. N. Coombes, Otis Bowyer, Jr., and C. F. Greenwood, all of Dallas, for appellees.

GALLAGHER, C. J. Mrs. Addie Warlick and her husband, appellees herein, sued Dallas Railway Company, a corporation, appellant herein, for damages for personal injuries alleged to have been sustained by Mrs. Warlick as the result of negligence on the part of appellant's employees in operating a street car. The case was submitted to a jury on special issues, and judgment was rendered for appellees upon the answers returned in response thereto.

[1] Mrs. Warlick was injured in attempting to board a street car for the purpose of being transported from the business section of Dallas to her home in Oak Cliff. Appellant requested the court to give a peremptory charge to return a verdict in its favor, which charge was refused. Appellant claims that the court erred in refusing said charge, and bases such claim on the contention that there is no evidence in the record that it owned, controlled, or operated the street car which Mrs. Warlick was attempting to enter at the time she received her injuries. Appellees alleged that the defendant was a street railway company, a corporation duly incorporated under the laws of the state of Texas, owning and operating its cars along the streets of the city of Dallas as a common carrier of passengers for hire, and that Mrs. Warlick was attempting to board one of defendant's cars for the purpose of becoming a passenger thereon at the time she received the injuries complained of by her. The issue of ownership, control, or operation of the car in question by defendant was raised in defendant's answer by a general denial only. In addition to such denial appellant pleaded contributory negligence on the part of Mrs. Warlick, charging that her injuries, if any, were brought about solely by her own conduct, in that she attempted to board the car after it had started and without using proper care for her own safety. Appellant further pleaded that, after its conductor had started to close the door of the car, Mrs. Warlick ran up to it and hurriedly undertook to board the same, and that as soon as its conductor discovered her situation he signaled the motorman to stop the car, and that said motorman stopped the car as soon as it was possible to do so; that it was not guilty of negligence; and that so far as it was concerned the accident was unavoidable. No issue of the responsibility of defendant for the manner in which said car was operated at the time of the accident

was submitted to the jury. A finding by the court of responsibility for the operation of said car on the part of appellant will be presumed if there is any evidence to support such finding. Appellant introduced several witnesses on the issues raised by such special pleas, but in no way questioned its responsibility for the operation of said street car. One of appellant's witnesses testified that on the morning of the trial he made certain tests with reference to closing the door of a certain street car, No. 310, while a woman was standing on the step thereof. He testified concerning his reason for making such tests as follows:

"Mr. Turner requested me to make that test; he is the claim agent for the company, for the Dallas Street Railway Company. I was on my way to town when he came and asked me to do that. * * * I do not know of my own knowledge that that is the car that did the damage. I do not know what condition that car was in at the time of the accident, and I don't know what the conductor did with reference to closing that door when the plaintiff got hurt. When I made the experiment the car was in the barn. and Mr. Turner had me in there. * * * I have never been in the employ of the railway company."

Another witness for appellant testified that she was the woman who participated in said test. Her testimony was in part as follows:

"I was out at the car barn this morning when an experiment was made about trying to close the door of a street car with me on the step. * * * Mr. Turner is the man that spoke to me about going down there—I went at his request. * * * I was at home * * * when the request was made of me; they came to the house, Mr. Turner and that young man that was with him. * * * They told me what they wanted and asked me would I go, and I went down to the car barns with them. I don't know any of them connected with the street railway company."

Appellant introduced another witness, who testified that he was conductor on the street car involved at the time of the accident. He testified in detail concerning the accident, and in the main in harmony with and in support of appellant's pleas above referred to. He testified that the motorman in service at the time of the accident was not now in the employ of "the company." On his further examination by appellant he identified a paper shown him as a report of the accident involved herein made by him as conductor of car No. 310. Appellant introduced another witness, who testified he was "master mechanic for the street car company, Oak Cliff division," and had been so employed since 1917. He also testified that he inspected the car that morning, and found it in good condition and operating properly, and that he was present at the test above referred to. Mrs. Warlick testified that her

268 S.W.—33

purpose in attempting to board the car at the time she was injured was to go from the city to her home in Oak Cliff.

[2] Appellee insists that this issue is settled conclusively by appellant's plea alleging due care in the operation of said car and that the accident as to it was unavoidable. In that pleading the appellant referred to said car as "its car" and to the conductor operating the same as "defendant's conductor." Our statute provides that the defendant in his answer may plead as many several matters, whether of law or fact, as he shall think necessary for his defense and which may be pertinent to the cause. R. S. art. 1902. It is well settled that under the authority of this article a defendant may interpose as many pertinent pleas as he sees fit, notwithstanding the allegations in one may be contradictory of the allegations in another of such pleas. However, when a general denial is interposed as one of such defensive pleas, it puts in issue all of the material allegations of plaintiff's petition except such as are required by law to be traversed by special pleadings. In such cases statements made in other separate pleas incorporated in the same answer cannot be used as evidence to establish any of the allegations in the plaintiff's petition. Hynes v. Packard, 92 Tex. 44, 50, 45 S. W. 562; Duncan v. Magette, 25 Tex. 245, 249.

[3] While the recitals made in appellant's pleadings must be excluded in determining whether there is evidence in the record sufficient to support the finding by the trial court of responsibility on the part of appellant, all the other facts and circumstances may be considered in connection with the testimony of the witnesses in determining such issue. Whether appellant owned and controlled or operated the street car in question at the time Mrs. Warlick was injured was a matter peculiarly within its own knowledge. Appellant did not attempt to show an absence of responsibility. It did attempt to show absence of negligence on the part of the conductor and motorman operating said street car and contributory negligence on the part of Mrs. Warlick in attempting to board the same. Appellant is shown to have had access on the morning of the trial to the car barn and to the very car involved in the accident, for the purpose of making experimental tests concerning the opening and closing of the door thereto with a woman standing on the step. It produced in court and had identified the confidential accident report made by the conductor at the time of the accident with reference thereto. Said conductor in his testimony spoke of his employer as "the company." Other witnesses spoke of said car and said barn indiscriminately as the property of "the company," "the railway company," and "the street car company." There is nothing in

the evidence tending to show that more than one company operated street cars on Commerce street, where the accident occurred. Mr. Turner, who was shown to be claim agent for the "Dallas Street Railway Company," was actively engaged on the morning of the trial in getting experimental and demonstrative evidence for use in such trial, and the evidence procured by him was so used by appellant. It was held in the case of O'Keefe v. United Rys. Co., 124 Mo. App. 614, 101 S. W. 1144, 1146, that in cases such as this the issue of responsibility for operation may be shown circumstantially, and that very slight evidence is sufficient to support a finding of such responsibility. We quote from the opinion in that case as follows:

"There was no direct evidence introduced tending to prove defendant either owned or operated the railroad or car, and for this reason defendant now argues its demurrer to the evidence should have been sustained. Indeed, were it not that the entire conduct of the case by defendant's learned counsel in the court below was such as to convey the impression to the court, jury, and opposing counsel that this were a conceded fact, we would be compelled to reverse the judgment because of the absence of substantial proof on this matter. It is said, however, that, where the case proceeds in the trial court as though no issue is made and no contest is had with respect to the matter of ownership or operation, as in this case, full proof of this apparently uncontroverted or conceded fact is not required, and slight evidence tending to support the inference that defendant owns or operates the road will be sufficient when it is not combated, and the entire case is conducted by defendant upon a theory indicating its responsibility, except for other causes which are relied upon solely for acquittal of the negligent act, as where no intimation is made that defendant resists the claim asserted on the ground it was not responsible as owner or operator."

See, also, Olive v. United Rys. Co., 197 Mo. App. 118, 193 S. W. 32, 33. Considering all of the testimony in the case bearing on the issue, an outline of which is given above, we have reached the conclusion that it is sufficient to raise such issue and support the presumption of a finding by the trial court that appellant was in fact responsible for the operation of the street car in question at the time of the accident.

The testimony of Mrs. Warlick showed, in substance, that the street car stopped at the corner of an intersecting street and received passengers there; that, while the car was stopped, she caught hold of the handhold on the car and lifted her foot to the step thereof for the purpose of entering the car; that just at that instant the conductor gave a signal to start the car and closed the door; that her foot was caught and she was thrown backward and dragged along the side of the car about 20 feet, when her foot was released; that she sustained the injuries complained of as a result of such fall. Appellant introduced evidence tending to show that the conductor had closed the door and that the street car had started before Mrs. Warlick reached the car; that the door was closed by a lever operated from the inside of the car, and that the step folded up when the door was closed; that the handhold was inside the door, and that Mrs. Warlick could not have had hold of the same and could not have had her foot on the step when the car started; and that the conductor never saw her until she was falling.

The jury found in response to special issues that the street car was not in motion at the time Mrs. Warlick attempted to board the same; that she got on the step or platform of the car with the intention of becoming a passenger; that in doing so she used ordinary care for her own safety; that the conductor did not exercise for her safety that high degree of care which a very cautious or prudent person would have exercised under the circumstances; that Mrs. Warlick was injured; and that her injuries were the direct and proximate result of the failure of the conductor to use such high degree of care. The court submitted the issue of whether Mrs. Warlick's injuries were the proximate result of the conductor's negligence by the following question:

"Do you find from the evidence that she was injured as a direct and proximate result of the failure of the conductor to exercise that high degree of care toward her that a very cautious and prudent person would have exercised under the same or similar circumstances?"

Appellant objected to the charge of the court and to said issue as submitted because they contained no definition of the term "proximate result." Appellant also requested the court to submit a special charge on the subject as follows:

"By the term 'proximate result,' as that term is used in the issues submitted to you, is meant a result that would naturally and ordinarily follow from the alleged acts complained of, if you find that the same occurred, unbroken by any new and independent cause, and, in view of all the facts and circumstances, might have been reasonably foreseen as likely to result."

The court overruled appellant's objection to his charge and said issue as submitted, and refused said special charge. The action of the court in refusing the same is presented as error.

"Proximate cause" and its counterpart, "proximate result," have been defined in terms varying in expression. Ruling Case Law, vol. 22, p. 110, approves the following definition:

"The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred."

Other definitions add thereto the further requirement that the injury suffered must be the natural and probable consequence of the negligent act and such as ought to have been reasonably foreseen in the light of attending circumstances. Jones v. George, 61 Tex. 345, 352, 353, 48 Am. Rep. 280. Such definitions, being in general terms, are of course intended to apply and to afford a means for determining the issue under any ordinary state of facts. They prescribe the test to be applied in distinguishing between immediate and remote causes and between natural and probable consequences which ought to have been anticipated and consequences arising from accidental and unusual circumstances operating in conjunction with the negligence complained of, which, as said by our Supreme Court in T. & P. Ry. Co. v. Bigham, 90 Tex. 223, 227, 38 S. W. 162, nothing short of prophetic ken could have anticipated. The Court of Civil Appeals for the First district held in I. & G. N. R. Co. v. Bryant, 54 S. W. 364, 365, that it was not error for the court to fail to define proximate cause unless properly requested to do so, although the jury in that case in passing upon the issue were necessarily required to distinguish between the effect of the negligence complained of and of an independent intervening act which in itself might have caused the injury. The Supreme Court refused a writ of error in that case. In this case there is no issue of an independent intervening cause. The jury found that Mrs. Warlick in approaching and attempting to board said street car exercised ordinary care for her own safety. Besides, the issue as submitted required the jury to find that her injuries were the direct as well as the proximate result of the failure of the conductor to use the degree of care for her safety required by law.

One of the specific definitions of the adjective use of the word "direct" given in a standard dictionary is "free from intervening agencies or conditions; hence, characterized by immediateness of relation or of action." Our Supreme Court, in Gulf, C. & S. F. Railway v. Rowland, 90 Tex. 365, 370, 38 S. W. 756, 757, in passing upon a contention that the plaintiff in that case who was injured in attempting to alight from a train while in motion was guilty of contributory negligence, said:

"The specific defense of contributory negligence was, as we have seen, that the plaintiff 'jumped from the train' while in motion. If he did so jump, and he was thereby injured, his act was the *immediate* cause of his injury, and hence there was no question of proximate cause involved in that issue." (Italics ours.)

[4, 5] There was no evidence in this case of any unusual circumstance operating in conjunction with the negligence of the conductor and contributing to produce the injuries complained of. Ordinarily the direct result of an act is the natural and probable result of the same, and ordinarily everyone is held to anticipate the natural and probable result of his actions. If Mrs. Warlick's injuries were the direct result of the negligence of appellant's conductor, we do not think that the evidence in this case, considered in the light of the findings of the jury herein on other issues submitted, raises a further issue with reference to whether such injuries were or were not the natural and probable result of the negligence of appellant's conductor and therefore ought or ought not to have been foreseen. G. C. & S. F. Ry. Co. v. Rowland, supra; Hines v. Foreman (Tex. Com. App.) 243 S. W. 479, 483; Middleton v. Moore (Tex. Civ. App.) 248 S. W. 768, 770; G. H. & S. A. Ry. Co. v. Sweeney, 6 Tex. Civ. App. 173, 24 S. W. 947, 949; H. & T. C. Ry. Co. v. Oram (Tex. Civ. App.) 92 S. W. 1029, 1031; Central Texas & N. W. Ry. Co. v. Hoard (Tex. Civ. App.) 49 S. W. 142, 143; St. L. S. W. Ry. Co. v. Missildine (Tex. Civ. App.) 157 S. W. 245, 246. (writ refused).

The charge requested by appellant, while substantially correct as an abstract proposition of law, was inapplicable to the facts in this case, in that it involved the issue of the intervention of a new and independent cause. No such issue was raised by the evidence. Such requested charge to that extent would have tended to confuse rather than enlighten the jury as to the meaning of "direct and proximate result" as used in the issue submitted. For this additional reason we think the court did not commit reversible error in refusing the requested charge.

We have considered all the other propositions presented by appellant, and, being of the opinion that they do not present reversible error, they are overruled. The judgment of the trial court is affirmed.