**DALLAS RY. CO. v. SKORODYNSKI.**
(No. 1984.)

(Court of Civil Appeals of Texas. El Paso. March 10, 1927. Rehearing Denied March 24, 1927.)

1. Carriers ⚖️318(7)—Proof that colliding cars were those of street railway held prima facie to show operation by company's agents in passenger's action for injuries.

In passenger's action for injuries, proof that two cars which collided were street railway company cars *held* sufficient to show prima facie that cars were being operated by railway company's agents and employees.

2. Carriers ⚖️316(4)—Collision of street cars causing injuries to passenger raised inference of negligence.

Inference of negligence arose from collision of two of defendant's street cars causing injuries to passenger.

3. Carriers ⚖️315(3)—Passenger injured by collision between street cars need not prove specific act of negligence causing collision.

As inference of negligence arose from collision causing injuries, passenger was not required to plead or prove specific act of negli-

gence causing collision in action against street railway company.

4. Trial ⚖️350(6)—Where inference of negligence arose, submitting issue of negligence in general terms held not error, though no specific act of negligence was shown.

In passenger's action against street railway for injuries caused by collision between two street cars, submission of issue of negligence in general terms *held* not error, though no specific act of negligence was shown; negligence being inferred from situation.

5. Trial ⚖️352(4)—Refusal to submit issue not raised by evidence held not error, in passenger's action against street railroad for injuries.

In passenger's action for injuries from collision of street cars, refusal to submit issue of unavoidable accident *held* not error, where issue was not raised by evidence.

6. Appeal and error ⚖️1066—Charge that plaintiff had burden to prove facts entitling him to recover upon all issues submitted held not prejudicial in action submitted upon special issues.

Charge, in passenger's action for injuries against street railroad submitted on special issues, that burden of proof was upon plaintiff to establish by preponderance of evidence facts entitling him to recover upon all issues, *held* not prejudicial, though failing to apply burden of proof to specific issues submitted.

7. New trial ⚖️56—Defendant sued for injuries held entitled to new trial, where testimony of juror raised doubt as to effect of improper discussion of attorney's fees on amount of verdict.

In passenger's action against street railway company for injuries, refusal to grant new trial for misconduct of jury *held* error, where reasonable doubt arose as to effect of improper discussion of attorney's fees by one of jurors.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Action by Wasil Skorodynski against the Dallas Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellant.

Miller & Godfrey, of Dallas, for appellee.

HIGGINS, J. This suit was brought by appellee against the appellant to recover damages for personal injuries. Verdict was returned and judgment rendered in his favor for $10,000.

It was shown by the testimony of appellee that he boarded a street car in the city of Dallas shortly after 6 p. m. The car proceeded as soon as he boarded it. After waiting for a lady to pay her fare, he paid his own and asked for a transfer. He was standing

with his back in the direction the car was going. While awaiting the transfer, he felt a sudden application of the brakes, looked around, and saw distant about 10 or 12 feet another car coming towards the car he was on. A collision immediately occurred, which rendered him unconscious and inflicted serious bodily injuries. The lights upon both cars were burning at the time of the collision. He alleged the two cars were under the exclusive control of defendant and the collision caused by the negligence of defendant, its agents and employees. The allegation of negligence was made in general terms. No explanation whatever was made by defendant of the cause of the collision.

[1] It was shown without contradiction that the two cars were Dallas Railway Company cars. This was sufficient prima facie to show that the cars were being operated by defendant's agents and employees. Ry. Co. v. Warlick (Tex. Civ. App.) 268 S. W. 512, reversed on another point by the Commission of Appeals 285 S. W. 302; O'Keefe v. Ry. Co., 124 Mo. App. 613, 101 S. W. 1144; Olive v. Ry. Co., 197 Mo. App. 118, 193 S. W. 32.

[2, 3] This being true and no explanation offered to rebut the inference of negligence arising in such cases, the plaintiff was not required to plead or prove the specific act of negligence which caused the collision. Ry. v. Wilson, 79 Tex. 371, 15 S. W. 280, 11 L. R. A. 486, 23 Am. St. Rep. 345; Ry. v. Smith, 74 Tex. 276, 11 S. W. 1104; Ry. v. Lauricella, 87 Tex. 277, 28 S. W. 277, 47 Am. St. Rep. 103; Ry. v. Stivers (Tex. Civ. App.) 211 S. W. 319; Lamar v. Ry. (Tex. Civ. App.) 234 S. W. 605; Id. (Tex. Com. App.) 248 S. W. 34; Bower v. Young (Tex. Civ. App.) 274 S. W. 295.

[4] A fortiori, since no specific act of negligence was pleaded, nor shown by any evidence adduced by either party, the court did not err in submitting the issue of negligence in general terms.

The charge upon the measure of damages is not subject to the objection urged against it.

[5] The evidence did not raise the issue of an unavoidable accident causing the collision, hence there was no error in refusing to submit the same.

The case was submitted upon three special issues, viz.: (1) The issue of negligence. (2) Proximate cause. (3) The amount of damages.

[6] The court charged that the burden of proof was upon the plaintiff to establish by a preponderance of the evidence the facts entitling him to recover upon all the issues submitted. This charge is objected to as "erroneous in leaving to the jury the determination of whether plaintiff recovers and in not applying the burden of such proof to the specific issues submitted." The charge is technically correct, but in a case submitted upon special issues is not the best way to charge upon the burden of proof. Being technically correct and not misleading, the form of the charge presents no reversible error.

[7] The only error in this record is that presented by the assignment complaining of the court's refusal to grant a new trial for misconduct on the part of the jury. It was shown upon the hearing of the motion that before balloting upon the amount of damages a discussion arose in the jury room in which attention was called by the juror South to the fact that plaintiff's attorneys would get part of the amount awarded. It was mentioned by some other juror that in such cases the attorneys usually got 50 per cent. Attention was called by some one else to the fact that this matter was improper for consideration, and the subject was dropped. All of the jurors testified the discussion did not influence their verdict, except the juror who first mentioned the subject. He testified he at first favored allowing $2,500 or $3,000, because if too much was awarded he was afraid the street car company would appeal the case and the plaintiff would not get anything; that he was trying to do his duty and obey the court's charge to consider nothing but the evidence heard from the witness stand; and that was all he considered. But he also testified:

"I guess that the consideration of the attorneys' fees and the fact that the attorneys were to get part of what was recovered, that discussion, had something to do with my raising my figures above $2,500."

As was pointed out in Letsinger v. Ry. Co. (Tex. Civ. App.) 286 S. W. 1107, recent opinions of the Commission of Appeals, expressly approved by the Supreme Court, in effect announce the rule that but little weight is to be attached to the testimony of jurors that misconduct upon their part in discussing matters outside the evidence properly before them did not affect their verdict. Under these decisions, the testimony of the juror South leaves it reasonably doubtful as to the effect the improper discussion of attorney's fees had upon him at least, and for that reason the case must be reversed. Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104; Moore v. Ivey (Tex. Com. App.) 277 S. W. 106; Ry. v. Harvey (Tex. Com. App.) 278 S. W. 839. See, also, Great Western, etc. v. Hess (Tex. Civ. App.) 281 S. W. 234; Ry. v. Dodson (Tex. Civ. App.) 285 S. W. 330; Ry. v. Robinson (Tex. Com. App.) 285 S. W. 269, 46 A. L. R. 1507; El Paso Electric Co. v. Gambrell, 292 S. W. 577, recently decided by this court.

This ruling renders it unnecessary to pass upon the assignment which asserts the verdict is excessive.

Reversed and remanded.