This suit is one brought by R. B. Lovejoy against Texas Coca Cola Bottling Company to recover damages for an alleged injury to his wife resulting from drinking Coca Cola from a bottle with glass in it. Upon a jury trial a special verdict was returned, finding the issues in such way as to warrant and require judgment for plaintiff in the sum of $8,000. From such judgment the defendant has appealed.
In his closing argument to the jury one of the plaintiff's attorneys said: "You gentlemen, in arriving at your verdict, should put yourselves into Mr. Lovejoy's shoes and consider how you would feel in the event it were your wives who had been damaged to the extent that Mrs. Lovejoy has been damaged." No objection, at the time, was made to such remark, nor exception taken thereto; but it was assigned as a ground of error in the motion for new trial. There can be, we think, no room for a reasonable difference of opinion on the proposition that the argument was not proper. It was undoubtedly an appeal to the jury to view one or more of the issues from the standpoint of the plaintiff, which would necessarily be a partisan attitude, inconsistent with the duties of a juror.
An initial question is: Whether, had the defendant made objection at the time, and the court had sustained it and had instructed the jury not to consider it, the remark would have been thereby rendered immaterial, in the sense that under such circumstances it would not be reasonably calculated to influence the jury to render a different verdict. We will presume that, had objection been made, the court would have promptly sustained it and would have admonished the jury not to consider the argument. Unless, therefore, it clearly appears that such action would not have had the effect of rendering the argument immaterial, in the sense stated, then the conclusion must follow, we think, that the court committed no error in refusing to grant a new trial on account of such argument. The error under such circumstances must be deemed to have been waived.
If, however, notwithstanding objection and admonition to disregard it, the argument was of such nature as reasonably calculated to have prejudicial effect, it must be presumed that it did have such effect. In that case only an affirmative showing beyond a reasonable doubt that it had no such effect will suffice to justify the action of the court in overruling the motion for new trial. Upon this proposition see the collation of authorities in Williams v. Rodocker, Tex. Civ. App.84 S.W.2d 556.
In our opinion, the argument was of such a nature that, notwithstanding *Page 205 
objection and admonition not to consider it, it was, nevertheless, reasonably calculated to prejudice the defendant. In Southern Utilities Co. v. Richardson, 60 S.W.2d 308, 311, this court had for consideration an argument of counsel who, after alluding to an alleged abortion caused by the injury and the "striking down of human life, even in its inception," asked the jury: "How would you feel about it if it was your wife?" Of the last part of this argument, as distinguished from the part immediately preceding it, we said that it "calls upon the jurors to place themselves in the position of the appellees. It is complained that such request called upon them to abandon their unbiased attitude and look at the case from the prejudiced viewpoint of one of the parties. It has been several times held by this and other courts that such argument is improper." That argument, like the one here, was not objected to, and notwithstanding what we said as above stated, we held it not reversible error only because of our interpretation of the opinion in Rio Grande, etc., Ry. Co. v. Dupree, Tex.Com.App., 55 S.W.2d 522, as having impliedly overruled the former decisions mentioned. But the Commission of Appeals, 95 S.W.2d 956, 957, in reversing this court's judgment, sustained the assignment of error and distinguished the Dupree Case by saying: "The argument there involved carried no direct appeal to the jurors to put themselves in the place of the litigant in considering the injury. It was more in the nature of a general appeal to the jurors to apply the golden rule." In other words, the Supreme Court thus, in effect, held that on account of the argument, to which no objection was made at the time, the trial court erred in overruling the motion for new trial, presenting that matter, and that this court erred only in interpreting the Dupree opinion as authority supporting the proposition that it is not error for counsel to make an appeal to jurors to put themselves in the place of a party to the suit. The argument in the instant case more certainly even than the argument in the Richardson Case is subject to such objection. The Supreme Court's opinion in the Richardson Case must, therefore, we think, be regarded as foreclosing the question that the argument is of a nature calculated to prejudice, regardless of objections and admonitions not to consider the same. Southern Ice Utilities Co. v. Richardson, Tex.Com.App., 95 S.W.2d 956.
On the general proposition that such an argument is improper we may cite the following: Dallas Ry. Terminal Co. v. Curtis, Tex. Civ. App. 53 S.W.2d 85; Brown Cracker Co. v. Castle, Tex. Civ. App.26 S.W.2d 435; Dallas Ry. Terminal Co. v. Smith, Tex. Civ. App.42 S.W.2d 794; Allen v. Denk, Tex. Civ. App. 87 S.W.2d 303; Ramming v. Halstead, Tex. Civ. App. 77 S.W.2d 920; Gulf, C. S. F. Ry. Co. v. Carson, Tex. Civ. App. 63 S.W.2d 1096; Southwestern T. T. Co. v. Andrews, Tex. Civ. App. 169 S.W. 218; Dixie Motor Coach Corporation v. Swanson, Tex. Civ. App. 41 S.W.2d 436. In the first case cited there was no objection at the time the argument was made, but exception was taken after argument closed. The question, therefore, necessarily could only be raised in the motion for new trial. The case of Southwestern Gas 
Elec. Co. v. Hutchins, Tex. Civ. App. 68 S.W.2d 1085, is believed to be distinguishable upon the same ground as the Dupree Case.
The next ground of error relied upon involves the action of the court in refusing to set aside the verdict of the jury and grant a new trial because it was shown that the jury in arriving at their verdict on the amount of damages discussed and considered the subject of attorney's fees. Although some question is made regarding the manner in which the essential facts are made to appear, it seems clear enough that upon the hearing of the motion for new trial, after the testimony was introduced, the court permitted counsel to interline this additional ground in the motion for new trial before overruling the motion. The evidence seems to establish conclusively that there was not merely a mention, but a discussion by a number of the jurors, of the subject of attorney's fees in their consideration of the amount of damages. Under the authorities, we think, this must be regarded as material misconduct. Texas N. O. Ry. Co. v. Parry, Tex.Com.App., 12 S.W.2d 997; Texas P. Ry. Co. v. Van Zandt, Tex.Com.App., 44 S.W.2d 950; St. Louis Southwestern Ry. Co. v. Lewis, Tex.Com.App., 5 S.W.2d 765; Moore v. Ivey, Tex.Com.App.,277 S.W. 106; City of Waco v. Darnell, Tex.Com.App., 35 S.W.2d 134; Southern Traction Co. v. Wilson, Tex.Com.App., 254 S.W. 1104; Williams v. Rodocker, Tex. Civ. App. 84 S.W.2d 556; Estep v. Bratton, Tex. Civ. App. 24 S.W.2d 465; Gulf, C. S. F. Ry. Co. v. McKinnell, Tex. Civ. App. 171 S.W. 1091; Gulf, C. *Page 206 S. F. Ry. Co. v. McKinnell, Tex. Civ. App. 173 S.W. 937; St. Louis Southwestern Ry. Co. v. Roberts, Tex. Civ. App. 196 S.W. 1004; St. Louis Southwestern Ry. Co. v. Smithhart, Tex. Civ. App. 9 S.W.2d 146; Lackey v. Southland Greyhound Lines, Tex. Civ. App. 35 S.W.2d 739; San Antonio, U. G. Ry. Co. v. Vivian, Tex. Civ. App. 180 S.W. 952; St. Louis Southwestern Ry. Co. v. Dodson, Tex. Civ. App. 285 S.W. 330; Red Star Coaches v. Lamb, Tex. Civ. App. 41 S.W.2d 523; American Ry. Express Co. v. Sawyer, Tex. Civ. App. 297 S.W. 873; Weidmer v. Stott, Tex. Civ. App.48 S.W.2d 389; Morgan v. Maunders, Tex. Civ. App. 37 S.W.2d 791; Dallas Ry. Co. v. Skorodynski, Tex. Civ. App. 292 S.W. 638; Great West Mill Elevator Co. v. Hess, Tex. Civ. App. 281 S.W. 234; St. Louis, B. M. Ry. Co. v. Vick, Tex. Civ. App. 210 S.W. 247; Louisiana W. Ry. Co. v. White, Tex. Civ. App. 202 S.W. 794; San Antonio Traction Co. v. Mendez, Tex. Civ. App. 199 S.W. 691; San Antonio Traction Co. v. Cassanova, Tex. Civ. App. 154 S.W. 1190; City of Amarillo v. Rust, Tex. Civ. App. 64 S.W.2d 821.
It seems to be a settled proposition that no effect, or at least no conclusive effect, can be given to the testimony of jurors designed to show that material misconduct in fact had no prejudicial effect. Taylor v. General Exchange Ins. Corporation, Tex.Com.App., 96 S.W.2d 70; Moore v. Ivey, Tex.Com.App., 277 S.W. 106; Hines v. Parry, Tex.Com.App.,238 S.W. 886; Williams v. Rodocker, Tex. Civ. App. 84 S.W.2d 556; Kosse Nat. Bank v. Derden et al., Tex. Civ. App. 36 S.W.2d 295; Beaumont, S. L. W. R. Co. v. Richmond, Tex. Civ. App. 78 S.W.2d 232; City of Waco v. Rast, Tex. Civ. App. 2 S.W.2d 563; Letsinger v. Panhandle 
S. F. Ry. Co., Tex. Civ. App. 286 S.W. 1107; Dallas Ry. Co. v. Skorodynski, Tex. Civ. App. 292 S.W. 638.
We need not discuss at length the other assignments of error. The third and fourth assignments of error complain of the action of the court in failing and refusing to sustain objections to the failure of the court to eliminate matters from the consideration of the jury and failure to incorporate at some place in the charge an issue or instruction, etc. The case was submitted on special issues. The court was under no duty to give any charges or instructions to the jury, and there was, therefore, no error in failing to do so. In a case submitted on special issues, the whole duty of the court is to state the issues made by both pleadings and evidence, and to accompany same with such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. R.S. 1925, art. 2189. When the court in the attempt to discharge such duty improperly, or inadequately, states a material issue, or submits an issue which is so conclusively established by the evidence as not to require submission, or an issue not supported by any evidence, and for that reason not properly to be submitted, or an issue in the statement of which legal terms are employed necessary to be explained or defined without such explanation or definition, the duty of a party to be affected by such improper action is to point out the error by specific objection. If the court wholly omits to submit an issue which should be submitted, the failure is not to be pointed out by an objection, but the party to be affected must request the submission of the issue, preparing and tendering it in such form that the court may evidence his action by indorsing it "given" or "refused." Harris v. Thornton's Dept. Store, Tex. Civ. App. 94 S.W.2d 849.
We are also of the opinion that there was no error, as complained of, in the action of the court in refusing requested issues relating to contributory negligence consisting of a failure of the plaintiff to examine the bottle of Coca Cola to ascertain if it contained any deleterious substances. In our opinion, there was no evidence to raise any such issues. It is elementary that there can be no negligence, save as it involves a failure of duty. We think, as a matter of law, one has the right to assume that Coca Cola is not bottled with foreign substances injurious to health and owes no duty to himself or others to inspect each bottle before drinking, in the absence, of course, of facts or circumstances arising in a particular case suggesting that the assumption may not be correct.
Finally, we are unable to perceive any merit to appellant's plea of res adjudicata. Upon a former trial of the case there was a partial verdict wherein the jury made findings upon certain issues, but failed to agree upon others. The court declared a mistrial which had the effect of setting aside the partial verdict of the jury, with the result that nothing was adjudicated thereby. The case relied on of Hume v. *Page 207 
Schintz, 90 Tex. 72, 36 S.W. 429, instead of supporting appellant's contention, is authority to the contrary. There the court said: "If the whole verdict be vacated, clearly the petitioners in this court are not entitled to have a mandamus to compel the entry of a judgment upon a verdict which has been set aside." The question in that case decided, upon a conflict of authority, was that a verdict might be conclusive of a fact in a subsequent action when the verdict had not been set aside, and the court had lost jurisdiction to set it aside.
For the error of the court in refusing to grant the motion for new trial on account of improper argument of counsel and misconduct of the jury, it is our conclusion that the judgment should be reversed and the cause remanded. It is accordingly so ordered.