CASE 46—PETITION ORDINARY—FEBRUARY 21.

# Rupard, &c., v. Chesapeake & Ohio Railroad Company.

### APPEAL FROM CLARK CIRCUIT COURT.

1. RAILROADS—NEGLIGENCE.—Where a railroad track crosses a public highway on a trestle, it is the duty of those in charge of a train approaching the crossing, to give some timely warning of its approach for the protection of those who may be riding or driving on the highway, that they may secure themselves against injury by reason of the frightening of their horses, and the question as to whether or not the failure to give such warnings is negligence should be left to the jury.

2. SAME.—As the injury to plaintiff in this case was the result of her own negligence in not looking in the direction of the approaching train, which she could have seen for a distance of several hundred yards if she had looked, a peremptory instruction to find for defendant was proper.

G. B. NELSON, LELAND HATHAWAY AND D. W. LINDSEY FOR APPELLANTS.

It is the duty of those in charge of a running engine to give warning signal in approaching the crossing of a public highway, and failure to do so renders the company liable for resulting injury. (P. & M. R. Co. v. Hoehl.12 Bush, 41; Hudson, &c., v. L. & N. R. Co., 14 Bush, 303.)

Rupard, &c., v. Chesapeake & Ohio Railroad Company.

J. M. BENTON AND BRECKINRIDGE & SHELBY FOR APPELLEE.

1. The duty of those in charge of a train approaching the crossing of a public highway to give signal depends upon the surrounding circumstances. (Favor v. B. & L. R. R. Co., 114 Mass., 350.)

2. The failure by one approaching such crossing to exercise ordinary care to ascertain the danger, is such contributory negligence as will excuse when the injury complained of would not have occurred but for such neglect on the part of the person injured. (McGath v. N. Y. Cent., &c., R. Co., 59 N. Y., 471; Railroad v. Huston, 95 U. S., 702; Ormsbee v. B. & P. R. Co., 51 Am. R., 354.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, Patsy E. Rupard, wife of the appellant, Isaac T. Rupard, while riding on horseback on the public road, at a point where the appellee's road crosses said road on a trestle high enough from the ground to admit passage thereunder on the public road by persons on horseback or in vehicles, was thrown from her horse by his becoming frightened by the noise of the train as it passed over the trestle above him. The appellant was seriously injured by the fall. It is contended that the injury would not have occurred but for the negligence of appellee in not giving timely notice of its approach to the crossing by blowing its alarm whistle or by ringing its bell, so as to warn the appellant of its approach to the crossing, by which she could and would have kept at a safe distance from the crossing until the train passed it, whereby the injury would have been avoided.

Upon the conclusion of the appellants' evidence, the lower court instructed the jury peremptorily to find for the appellee, which the jury did. The appellee's contention is that where its road crosses the public road on a trestle, it does not, in common with the traveler, have any privilege in, or use of, the public

road itself; that its road and the public road, though near and adjacent to each other, are distinct and separate; the former has no rights in the public road, and the traveler has no rights in the track for the purpose of crossing it; therefore the same duties are not imposed upon the appellee that are imposed upon it when it passes over the public road itself in common with the traveler; consequently it has a right to run its train on a trestle, where the trestle crosses a public road, at its common or any rate of speed, accompanied by the usual noise attendant upon the running of a train, and is not bound, as a matter of law, to give any warning of its approach to the crossing.

In support of the foregoing views, the case of Favor v. Boston & Lowell Railroad Corporation, 114 Mass., 350, is relied on. We can not agree to this contention. While it is true that the appellee's train does not run on the road itself in common with the traveler, yet it is not true that the public road is not used by the appellee and the traveler in common. The public road supports the appellee's trestle, over which its train passes, and the traveler has a right to pass under the track, on the public highway; but for his right of passage on the public highway, he would commit a trespass by passing under the track on the trestles. The public road, by being trestled across, is as much in the occupation of the appellee as it would be if its track rested immediately upon it, and for the traveler to cross under the track resting on the trestle or over the track resting upon the ground, would be equally a trespass, but for the protection afforded him by reason of being on the public highway. So it is

incorrect to say that the appellee and the traveler do not use the highway in common, although the appellee's train crosses the highway on a trestle.

But the question as to the relative duties of the appellee and the traveler rests upon broader grounds. It is the duty of the appellee, as it is of natural persons, "to exercise its rights with a considerate and prudent regard for the rights of others." An individual in the exercise of his absolute rights, if it may be reasonably apprehended that their exercise may endanger the safety of others in the exercise of their rights, must exercise them with a due regard for the safety of such others. To illustrate: A person who is constructing a brick wall abutting a public street, on which travelers frequently pass, may be liable in damages for the falling of a brick on a traveler from the hands of one of his workmen, although the workman was not negligent in letting the brick fall, and the immediate cause of the fall of the brick was accidental; but if it was an accident which the person building the wall, in view of the danger to the life and limb of travelers on the street, should reasonably contemplate, he should provide against the same by safeguards and barriers, so that travelers might not be exposed to the danger, else he will be responsible in damages for the injury. (Jager v. Adams, 123 Mass., 26.)

It is precisely upon the same principle that the appellee is made liable for injuries to travelers at crossings. It is no excuse or justification that the act that caused the injury was in itself lawful, or "that it was done in the exercise of a lawful right,

if the injury arose from the negligent manner in which it was done.''

Injury may occur to the traveler at the crossing in two ways, namely: by a collision with him, or by scaring the horse that he is riding or driving, whereby he is injured. It is the duty of the appellee in approaching a crossing, if danger to the traveler in either of the ways above mentioned may be reasonably apprehended, to give timely notice of its approach, in order that the traveler may not only be warned not to come in collision with the train, but secure himself from injury by his frightened horse. By the trains crossing the highway on a trestle, there is no danger of a collision with a traveler on the highway, but if he should be under the trestle with his horse while the train is passing over it, the danger is increased, for it is well known that a horse is more likely to scare at a sound made over his head than when the same sound is made on the ground.

So where the train crosses a public highway on a trestle, and in view, as above intimated, of the frequency of travel on horseback or by driving on the public highway, and the facility of seeing the train as it approaches the crossing in time to prevent injury by securing the horse, the danger of catching the traveler unawares, and frightening the horse that he is riding or driving, may be reasonably apprehended, it is its duty to give some timely warning of its approach to the crossing, and the question as to whether or not the failure to give such warning is negligence, should be left to the jury. For an able presentation of the foregoing views, see the case of

Pennsylvania R. Co. v. Barnett, 59 Pa. State Reports, 263.

But it conclusively appears from the appellant's own testimony that she received the injury in consequence of her own negligence. She was familiar with the crossing and its surroundings. The track, in the direction that the train was coming, was clear of obstruction several hundred yards, and she could have seen the approaching train that distance had she looked, but she did not look; nor did she give any reasonable excuse for not looking, but hurried up to the crossing, and attempted to cross, regardless of the fact that the train might come at any moment. So, as it conclusively appeared that the injury was the result of the appellant's own negligence, the instruction was not improper.

The judgment is affirmed.