CASE 37—PETITION ORDINARY—DECEMBER 5.

# Illinois Central R. R. Co. v. Mizell.

APPEAL FROM HICKMAN CIRCUIT COURT.

100    235
e135   241
j135   245

1. RAILROADS—ACCIDENT AT CROSSING—PROXIMATE CAUSE.—Where at the intersection of a railroad and a highway, they both pass through cuts whereby one on the highway is prevented from seeing an approaching train until he is within a few feet of the rails, and by reason of a failure upon the part of those in charge of the engine to blow the whistle, he goes upon the track and his horse is there frightened by the approaching train, and throws and injures him, the failure to blow the whistle is the proximate cause of the injury, and the damage followed as a continuous and natural sequence from the negligent act, and was a result which might have been foreseen and expected.

2. CONTRIBUTORY NEGLIGENCE.—The fact that one approaching such a crossing did not come to a full stop to listen for the train, but merely brought his horse to a slow walk in order to listen, was not, per se, contributory negligence.

WM. H. GREEN FOR APPELLANT.

1. It is not pleaded that there was a violation of the statute in reference to blowing the whistle or ringing the bell; and as a pleading must be construed most strongly against the pleader, it must

be presumed that appellee did not intend to charge appellant with a violation of the statute.

2. A jury can not willfully or from mere caprice, disregard the testimony of an unimpeached witness; while they may judge of the credibility of a witness, they must exercise their judgment while doing so, and not their will, merely. (Chicago, &c., R. Co. v. Gretzner, 46 Ill., 80.)

3. The mere fact that a defendant has been guilty of a negligent act, which was even closely followed by an accident, does not necessarily make him liable for the injury resulting from the accident; but before he can be held liable, it must be shown that the damages alleged followed as a continuous and natural sequence from the negligent act, and that no new cause intervened between the fact accomplished and the alleged cause. (Parsons on Contracts, vol. 3, p. 179; Railroad Co. v. Kellogg, 94 U. S., 469; Schmidt v. Mitchell, 84 Ill., 199; Tweed v. Insurance Co., 7 Wall., 44; Pullman Palace Car Co. v. Laack, 143 Ill., 261.)

GEORGE L. HUSBANDS on same side.

1. Where there is a cut in a road near a railroad crossing that will prevent one from seeing or hearing the approach of a train, one riding a horse that is easily frightened, who does not stop before entering the cut to look for and listen for any approaching train is guilty of such neglect and carelessness as will prevent a recovery from the railroad company of any damages sustained by reason of the horse becoming frightened and running away.

J. M. BRUMMAL & SON and W. G. BULLITT for appellee.

1. Where an amended pleading does not substantially change the claim sued on, the court may, *at any time*, in furtherance of justice permit it to be filed. (Civil Code, sec. 134; Greer v. City of Covington, 83 Ky., 416; L., C. & L. R. Co. v. Case's Adm'r, 9 Bush, 733.)

2. Willful neglect is synonymous with gross neglect. (C. & O. R. Co. v. Yost, 29 S. W. Rep., 326.)

3. Instruction No. 3 was properly given, because the Ky. Statutes fixes the character of signals to be given by a train approaching a public crossing, and where the law imposes a public duty the courts must take judicial knowledge of it and instruct the jury accordingly. (Ky. Stats., sec. 1642; p. 614; sec. 786, p.

Illinois Central R. R. Co. v. Mizell.

395; Civil Code, sec. 19; L. & B. Canal Co. v. Murphy, 9 Bush, 528; Newman on Pleading, p. 268.)

4. Where a train fails to give the signals required by statute, it is satisfactory evidence to a passerby that the road is clear of approaching trains.   (P. & M. R. v. Hoehl, 12 Bush, 49.)

5. Instruction "B" was properly refused by the court, because there was positive and direct testimony on both sides in regard to the signals being and not being given, and the jury the sole judges of the credibility of the witnesses.   (L. C. Works v. Coml'th, 8 Bush, 183.)

6. It is not necessary for a person on horseback to stop and listen for an approaching train, because she could have heard signals while her horse was walking slowly along as well as if stopping to listen.   (L., C. & L. R. v. Goetz, 79 Ky., 442; Hudson v. L. & N. R. Co., 14 Bush, 303.)

JUDGE Du RELLE DELIVERED THE OPINION OF THE COURT.

The appellee was riding on horseback along a public highway which crossed the railroad of appellant.   At the intersection the railroad, and the highway as well, passed through cuts which prevented persons on the highway from seeing approaching trains until they were within a few feet of the rails.

According to her statement she was riding very slowly, and was listening for the signal by bell or whistle of the approach of a train.   She heard no signal and did not see the train until she was on the track at the crossing, and the train, which was a freight train and going at a rapid rate, was, according to her statements, within fifteen or twenty feet from her when she saw it. Her horse became frightened at the train, ran with her some hundred yards or more, and in turning a curve in the road threw her off and dragged her a short distance. She was badly bruised by the fall, and her shoulder was

injured to such an extent that at the time of the trial it was an inch and a half lower than the other shoulder. By reason of the injury and her subsequent confinement to her room she was unable to secure a position as a teacher, for which she was at the time an applicant.

For the injuries received and the suffering and loss of time caused thereby, she brought suit against the appellant and the jury awarded her $2,000. The basis of her complaint is that the alleged failure to give the signal required by law for the crossing was the cause of her attempting to make the crossing and of her horse being frightened and the consequent injuries.

It is not pleaded that the failure to give the signal was in violation of law, and we do not think it was necessary to so plead. The statute is a general one, and is not required to be specially pleaded.

The principal ground relied on by appellant is that the alleged negligence in failure to blow the whistle was not the proximate cause of the injury; but if by reason of that failure the appellee went upon the track and her horse there frightened by the approaching train, the jury, if they believed appellee's witnesses, had evidence from which they were entitled to find that the negligence was the proximate cause of the injury, and that the damage followed as a continuous and natural consequence from the negligent act, and was a result which might have been foreseen and expected as the result of the conduct complained of, for it was to be expected that passengers on horseback might be traveling along the highway. 3 Parsons' Contracts, 179.

The question of contributory negligence was prop-
erly submitted to the jury by the instructions.   In our
judgment the fact that appellee did not come to a full
stop to listen for the train, but brought her horse to a
slow walk in order to listen, was not, per se, contribu-
tory negligence.   There was evidence of other wit-
nesses who corroborated her statement that the signal
was not given, and the question was properly left to
the jury.   Instruction B, the refusal of which is com-
plained of by appellant does not appear in the record.
The instructions given appear to correctly state the
law.   We can not say under the evidence in this record
that the verdict is excessive.

Judgment affirmed.