**PAYNE, Agent, v. SMITH. (No. 97.)**

(Court of Civil Appeals of Texas. Waco. Oct. 16, 1924. Rehearing Granted Nov. 20, 1924.)

1. **Appeal and error** ⚖➡1001(1)—**Verdict supported by evidence not disturbed.**

Jury's verdict on evidence sufficient to raise issues of negligence and contributory negligence will not be disturbed by appellate court.

2. **Trial** ⚖➡352(4) — **Submission of issues whether statutory crossing signals were given held authorized by pleading.**

Allegations of negligence in not blowing whistle and ringing bell so as to warn automobilist of train's approach *held* sufficient to authorize submission of issues whether bell was rung or whistle blown for at least 80 rods before reaching crossing, as required by Rev. St. art. 6564.

3. **New trial** ⚖➡66—**Jury's consideration of elements of damage not submitted constitutes misconduct for which verdict should be set aside.**

Jury's consideration of elements of damage, which court positively instructed them not to consider, constitutes misconduct, for which verdict should be set aside.

On Rehearing.

4. **Appeal and error** ⚖➡1151(2)—**Judgment of reversal and remand set aside on appellee's offer to remit amount in excess of that authorized.**

Appellee having offered to remit amount of judgment in excess of sum authorized by court's instructions, judgment reversing and remanding cause should be set aside on motion for rehearing and judgment rendered for such amount less than original judgment, under Rev. St. art. 1630, in absence of other errors in judgment.

Appeal from District Court, McLennan County; James P. Alexander, Judge.

Action by Jake H. Smith against John Barton Payne, Agent. Judgment for plaintiff, and defendant appeals. Reformed and rendered.

S. P. Ross, and Trippet & Boggess, all of Waco, for appellant.

J. H. Hooker, of McGregor, and Sleeper, Boynton & Kendall, of Waco, for appellee.

BARCUS, J.  Appellee filed this suit against appellant for damages claimed to have been sustained by him by reason of the automobile in which he was riding being struck by an engine of the St. Louis Southwestern Railway Company in the city of McGregor, Tex. Appellee as grounds of negligence alleged that the person operating the engine on said railroad was negligent in failing to blow the whistle and ring the bell so as to warn plaintiff of the approach-

ing train, and failure on the part of the engineer and fireman to keep an efficient lookout, and by reason of the railway having permitted obstructions to be placed on its right of way, and by reason of its failure to keep a watchman at the crossing. Appellee filed answer consisting of general demurrer, general denial, and plea of contributory negligence. The cause was tried to a jury and submitted on 29 special issues. Based on the findings of the jury, judgment was entered for the appellee in the sum of $1,000.

[1] Appellant presents in this court only three questions. He assigns error because the court failed to give a peremptory instruction. There is no merit in this contention. The evidence was sufficient to raise the issue of negligence on the part of the appellant and was sufficient to raise the question of contributory negligence on the part of appellee. The jury having settled this question, same will not be disturbed by the appellate court.

[2] Appellant complains of the trial court's submission to the jury of the issues as to whether the bell was rung and the whistle blown for a distance of at least 80 rods before reaching the crossing where the accident occurred; appellant's contention being that there was no allegation in plaintiff's petition authorizing the submission of said issues. Appellee alleged that the appellant was guilty of negligence, in that it negligently failed to cause the whistle to blow and the bell to ring on said moving train so as to warn plaintiff of the approach of said train. We think this allegation was sufficient to authorize the submission of the issues as submitted. Article 6564, Revised Statutes of Texas; Illinois Central Ry. Co. v. Mizell, 100 Ky. 235, 38 S. W. 5; T. & P. Ry. Co. v. Meeks (Tex. Civ. App.) 74 S. W. 329.

[3] Appellant assigns error because of the trial court's refusal to grant a new trial by reason of the misconduct of the jury. Appellee in his petition alleged that on account of his injuries he had been required to pay $500 for medicine, doctor's bills, nursing, and other medical attention, and that his automobile had been broken up and damaged to the amount of $500, for which, in addition to other damages, he prayed judgment. On the trial appellee testified that he had paid in doctor's bills a total sum of $93, sanitarium bills $41, ambulance bills $35, medicine bills $25, and for repairing his auto $200. The trial court, in his charge to the jury, submitted the following special issue:

"What amount of damages, if any, will compensate the plaintiff for the injury sustained by him in the collision in question? In answering this question you may take into consideration the mental and physical pain suffered by the

plaintiff, if any, as the direct and proximate result of such injury, but you will not take into consideration anything for loss of time or money expended for repairing the truck in question, or doctor's bills, hospital fees, medicine and ambulance, or nurse hire."

The jury answered the above issue: "$1,000.00."

On the hearing of the motion for new trial, two of the jurors were called to testify. The juror Weathers testified:

"When we arrived at the thousand dollars, we figured that he had paid out something like a couple hundred dollars for the car and the doctor's bill and the nurse, and all of that ran up to about $300, and so we figured that amount at about $500. We allowed the other $500 for the injury to his stomach. That was the way we considered the facts, and the way we arrived at giving the amount of $1,000; some of us wanted to give him more. * * * When that thousand dollars was discussed, relative to how it was to be made up and what was said about it and all, I will state that we all agreed that a thousand dollars would just about break even with him, or just about break him even for his damages to his stomach, and damages to his car, and the doctor's bill. * * * I believe I stated that these items, like damages to the automobile, the doctor's bill, and so forth, amounted to something like $500. Of course, we didn't figure it out; we just took what the testimony was as it was given on the stand. As far as I am concerned, I thought Mr. Smith was entitled to the thousand dollars for his mental and physical suffering, disregarding this other proposition, * * * I considered he was entitled to that much irrespective of the medicine, doctor's bill, and injury to the automobile, so in the consideration of that matter, that consideration didn't really affect me in arriving at my verdict of a thousand dollars, because I didn't much want to give him that; I wanted to give him more. * * * When we agreed on the thousand dollars, * * * we figured that as him breaking even on it. By 'breaking even' I mean that we figured it would pay his damages, and the damage on his stomach, and pay it up to now; of course, it may be more later. * * * The thousand dollars was discussed in the jury room, and I said, 'Well, that will just about pay for his stomach, and so forth.' By 'and so forth' I meant money that he had paid out, his car, the nurse bill, the medicine, the doctor's bill, and things of that sort. That being the case, they allowed him a thousand dollars, which would reimburse him for being out what he was out, and $500 for the injuries to his stomach; that was the way we arrived at it. * * * When I agreed to that, I figured that we were paying him back the money he had been out and $500 for his personal injuries."

The juror Lankford testified that when the jury first went out, six of them wanted to give the plaintiff some damages, and four of them did not want to give plaintiff any damages, and two of the jurors did not vote; that he (Lankford) was one of the four that did not at first think plaintiff ought to recover; that the four who did not at first

want to give anything agreed to come up to $500. He testified:

"We was willing to come up as much as $500 if they would come down to that much, as that was his expenses * * * We figured that the $500 would pay his doctor's bill and for fixing the truck, and such like, and if we could get together we thought that would be all right. * * * The facts with reference to arriving at a thousand dollars as our verdict are that we didn't discuss what we were taking into consideration, or anything like that. We were just giving what it would be for, and it was merely to agree, you know, on something. * * * The question of him having been out $400 or $500 for doctor's bills wasn't discussed by the jury, only I just mentioned it. My idea was that he wasn't entitled to anything, and I suggested $500, and we said we would come to that. * * * I suggested that myself, and my idea in suggesting it was that it would pay his expenses. I figured about $200 for fixing the truck and that he was out about $500, or something like that, on his doctor's bill and such like, and that was where I got the idea. * * * I suggested that $500 would pay for what he had been out on expenses, and so forth, and none of the others said what they would be willing to do, whether they would do that or not. * * * I just only mentioned Mr. Smith's expenses and the doctor's bill there in the jury room. I just said, 'I will be willing to come up to it and give him enough to pay his doctor's bill and other expenses, if the rest of you will be willing to come down from $2,500.' * * * When we agreed on a verdict of a thousand dollars, I did not figure that that would pay for what he had been out and give him something over. That wasn't mentioned in the discussion by me, not with reference to the thousand dollars. * * * I don't think any one else mentioned the thousand dollars. I suggested it or mentioned it one time, and no one else mentioned that thousand dollars as covering the doctor's bill or any of those other expenses, that I remember of now. I just mentioned it in an incidental way, just in order to get them together. * * * When we allowed him a thousand dollars, I figured that would pay him for the money he had been out and allow him some also for his personal injuries."

There is nothing in the record to show why the court withdrew the items of expenses in the way of doctor's bill, nurse hire, and repairs to the automobile, from the jury. Appellee made no objection to the court's charge on said ground. The remaining ten jurors were not called to testify, and there is nothing to show whether they took into consideration the expenses in arriving at the verdict or not. The testimony of the two jurors who did testify shows that beyond question these items amounting to some $500 were discussed, and it appears from their testimony that their verdict of a thousand dollars was intended to and did embrace said items. The action of the jury in disregarding the instruction of the court and in considering elements of damage that were not submitted to them constitutes misconduct. San Anto-

nio Traction Co. v. Cassanova (Tex. Civ. App.) 154 S. W. 1190.

The question of the sanctity of the jury room and of jury verdicts has been the source of much litigation and very troublesome to the appellate courts. In the case of Houston & T. C. R. Co. v. Gray, 105 Tex. 42, 143 S. W. 606, the Supreme Court said:

"If the evidence taken by the trial judge left it reasonably doubtful as to the effect the statement had upon the amount of the verdict of the jury, we would feel inclined to exercise our authority and set it aside."

In the case of Southern Traction Co. v. Wilson, 254 S. W. 1104, the Supreme Court laid down the doctrine that "if it is reasonably doubtful to the Supreme Court as to whether or not the improper conduct of the jurors affected the amount of the verdict, the Supreme Court should exercise its authority and set the verdict aside." To the same effect is the holding in the case of Hines v. Parry (Tex. Com. App.) 238 S. W. 886; Payne v. Harris (Tex. Com. App.) 241 S. W. 1008.

There were other allegations of misconduct on the part of the jury, which will not likely arise on another trial.

The Constitution guarantees the right of trial by a jury, and the juries are required to accept the law from the court, and when in the consideration of its verdict the jury disregards the court's instruction and considers matters which the court has instructed it positively not to consider, its verdict should be set aside.

By reason of the misconduct of the jury, the judgment of the trial court is reversed and remanded.

### On Rehearing.

[4] At a former day of the present term we reversed and remanded this cause on account of the misconduct of the jury, in that the jurors had discussed and taken into consideration in their verdict the amount of the doctor's and medicine bills and the amount it cost appellee to repair his automobile. Appellee has filed his motion for a rehearing and has offered to enter a remittitur of $500 of the $1,000 judgment, and asks this court to set aside its former judgment and to reform and affirm the judgment of the trial court for $500 less than that rendered in the trial court. The outside sum that could have been improperly embraced in the verdict of the jury in the trial court under the evidence and statements of the jurors was $500, and since appellee has offered to remit said sum, unless there are other errors in the judgment of the trial court, the motion for rehearing should be granted and our judgment reversing and remanding this cause set aside, and the judgment of the trial court should be reformed and judgment here rendered for appellee for $500 less than the judgment rendered in the trial court. Article 1630, Revised Statutes; Pecos & N. T. Ry. Co. v. Winkler (Tex. Civ. App.) 179 S. W. 691; Pecos & N. T. Ry. Co. v. McMeans (Tex. Civ. App.) 188 S. W. 692; Goldman v. Engel (Tex. Civ. App.) 250 S. W. 303.

We have again carefully examined all of appellant's assignments of error and do not think any of the remaining assignments show any sufficient reason for reversing the judgment of the trial court. There were other alleged grounds of misconduct on the part of the jury, appellant claiming that the jury, after it retired to the jury room, first agreed that the appellee was entitled to recover and then agreed to answer the other questions to conform therewith; and, further, that the jury arrived at its verdict by a majority vote. The testimony of the two jurors examined on the motion for rehearing in the trial court does not sustain either contention. The record shows that the jurors did first answer question No. 29, fixing the amount of damage; but there was nothing in the testimony of either of the jurors to the effect that any of the other questions were by agreement answered in such way as to authorize the appellee to recover. On the other hand, the testimony of the jurors was that each question was answered separately and that all of the jurors agreed to each question as their unanimous verdict. Under the law, juries are not required to answer questions in the order submitted in the charge.

The motion for rehearing is granted, and the judgment of the trial court is reformed and here rendered for appellee for the sum of $500, with interest at 6 per cent. per annum from date of judgment in the trial court; appellee to pay costs of the appellate court, and appellant to pay costs of the trial court.