## PALACIOS v. HERNANDEZ. (No. 7438.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 10, 1925.)

**1. Appeal and error ⬧⟹765—Filing of brief in district court not usually required.**

Requirement for filing brief in district court is not usually enforced, when appellant's brief is filed in appellate court in such reasonable time before submission day as will give opposing counsel time to prepare and file reply brief.

**2. Appeal and error ⬧⟹765—Ten days held reasonable time to prepare and file reply brief.**

Where transcript of case contained 28 pages and statement of fact 33 pages, notwithstanding appellant's brief was not filed until 9 or 10 days before submission, in violation of rule 36, *held* that appellee had ample time in which to prepare and file a reply brief so as not to require dismissal of appeal.

Appeal from District Court, Duval County; Hood Boone, Judge.

Action by Remigia Maldonado de Hernandez against J. V. Palacios. Judgment for plaintiff, and defendant appeals. On motion to dismiss appeal. Motion overruled.

See, also, 277 S. W. 714.

J. F. Clarkson, of San Diego, for appellant.

COBBS, J. [1] Appellee moves the court to strike out appellant's brief and dismiss the appeal on the ground, among other things, that the appeal was perfected on the 6th day of March, 1925, and statement of facts certified to by the judge on May 16, 1925, and the record filed in this court on May 23, 1925; appellant's brief being filed October 27, 1925, and notice having been given appellee's attorney on the 20th day of October, 1925, that the cause was set down for submission on the 4th day of November, 1925. No copy of appellant's brief was filed in the district court, but that requirement is not usually enforced when appellant's brief is filed in this court in such reasonable time before the day of submission as will give the opposing counsel time to prepare and file a reply brief.

[2] Appellee insists that on account of the importance of the questions presented and his pressing engagements in the Laredo court he has not had sufficient time to properly prepare and file a reply brief. Appellant's brief is only 10 pages long, and appellee's motion itself, filed October 30, 1925, contains 6 pages.

According to the record, appellee had about 10 full days in which to prepare and file his brief after he received copy of appellant's brief and notice of the submission. The transcript and statement of facts, together with copy of appellant's brief were in the hands of appellee's attorney on the 25th day of October, 1925. The transcript is 28 pages and the statement of facts 33 pages long. The appellee had about 9 or 10 days in which to prepare and file a reply brief, and, after viewing the record in this case, we believe appellee had ample time in which to reply.

Appellant was guilty of very great negligence in this case, and violated the rules of the court for correct briefing. Attorneys should be diligent in the preparation of their appeals, for the statute and rules are very emphatic in their requirement; that is, to file the brief within the 5 days, in the district court, after securing the record, and within 20 days after notice in the Court of Appeals, before the submission of cases. Knight v. Simmons et al. (Tex. Civ. App.) 168 S. W. 1018; Anderson v. Ineeda Laundry & Dye Works (Tex. Civ. App.) 167 S. W. 33.

Rule 36 in regard to briefing cases, as follows:

"On or before the day fixed for the hearing of the cause and before the opening of the court, four copies of the brief of each party shall be filed in the office of the clerk of the court."

It is in a proper case within the sound discretion of the court, considering the merits of the motion, to grant or refuse the same when it appears that no substantial harm has been done.

We believe that appellee has had ample time in which to prepare and file a sufficiently responsive brief; and we therefore overrule this motion.