## Louisville & Nashville Railroad Company v. Lewis.

(Decided January 19, 1926.)

### Appeal from Harlan Circuit Court.

1. Railroads—Warning from Train Heard by Driver of Team Held Unnecessary.—Where driver of mule which took fright and ran into train at crossing heard rumbling of train when he reached top of hill about 100 yards from crossing, and knew that it would go over crossing in one direction or other, no additional warning of its approach was necessary.

2. Railroads—Failure to Give Statutory Signals Held Not Proximate Cause of Injuries to Driver of Team Frightened.—Where wagon brake failed to work, single tree broke loose, and mules became frightened and ran away, after driver began descent of hill with knowledge of train's approach to crossing about 100 yards from top, failure to give statutory signals was not proximate cause of injuries to driver and wagon and death of mule which ran into train, and court should have directed verdict for defendant railroad company.

JOHN C. ADKINS, J. C. BAKER, LOW & BRYANT and WOODWARD, WARFIELD & HOBSON for appellant.

GEORGE R. POPE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This appeal is prayed from a judgment for $250.00 for injuries to appellee's person and wagon, and for the death of a mule.

It appears that appellee's team took fright and ran into appellant's train as it was crossing the public highway at Sandvale in Harlan county, and a recovery was had on the ground that the failure of appellant to give the statutory signals for the crossing was the proximate cause of the accident.

Briefly stated, appellee's evidence is as follows: On the occasion in question he was driving a team of mules hitched to a wagon containing lumber. The highway as he approached the railroad crossing was very steep and slick. When he reached the top of the hill, which was about 100 yards from the crossing, it seemed like he could hear a train somewhere, but did not hear any whistle or bell ringing. He knew that either way the train was going it would have to go over the crossing. He thought that he would drive down and stop a little closer to the

crossing. Soon after starting down the hill the brake gave way and the singletree came loose and bumped the mules some. Thereupon the mules, and particularly the one that was afterwards killed, became frightened, and began to run very fast. About this time the train appeared on the crossing and it seemed that they became more frightened and ran faster toward the last. One of the mules jumped off to the side and the other ran into the train. The one that ran into the train got killed. He was the one that became excited and was running away. Other witnesses testified that they did not hear a whistle or bell ringing as the train approached.

While we have recognized the right of a traveler on a public highway who is approaching and intends to ride or drive over a railroad crossing to rely upon the statutory signals being given, and to recover in the absence of such signals where it is shown that his horse was frightened by the sudden appearance of the train, and that he could and would have taken precautions to prevent the injury had he known of the train's approach, Conway v. L. & N. R. Co., 135 Ky. 229, 119 S. W. 206, 122 S. W. 136; Rupard v. C. & O. R. R. Co., 88 Ky. 280, 11 S. W. 70, 10 Ky. L. Rep. 1023, 7 L. R. A. 316; Chesapeake & N. R. Co. v. Ogles, 73 S. W. 751, 24 Ky. Law Rep. 2160; I. C. R. Co. v. Mizell, 100 Ky. 235, 38 S. W. 5, 18 Ky. Law Rep. 738; L. & N. R. Co. v. Richmond, 202 Ky. 281, 259 S. W. 329, the rule has no application to the facts of this case. A careful analysis of appellee's evidence shows that when he reached the top of the hill he heard the rumbling of the approaching train, and knew that it would go over the crossing in one direction or the other. In the circumstances, no additional warning was necessary. C., N. O. & T. P. Ry. Co. v. Harrod's Adm'r, 132 Ky. 451, 115 S. W. 699; L. & N. R. Co. v. Croft, 201 Ky. 803, 258 S. W. 679. With knowledge of the train's approach he started down the hill intending to go a little closer to the track. After beginning the descent the brake failed to work, the singletree broke loose, the mules became frightened and ran away at a rapid rate of speed, and one of them ran headlong into the passing train. It is clear that the failure to give the statutory signals of the train's approach was not the proximate cause of the accident, and that the trial court should have directed a verdict in favor of appellant.

In view of the conclusion of the court we need not consider the other errors relied on.

Wherefore, the appeal is granted and the judgment reversed and cause remanded for a new trial consistent with this opinion.