# ST. LOUIS SOUTHWESTERN RY. CO. v. DODSON. (No. 360.)

(Court of Civil Appeals of Texas. Waco. May 13, 1926.)

**1. Trial ⊜⇒304—Jury's consideration of doctor's and medicine bills, not submitted by court, and plaintiff's attorney's fees, held improper.**

In personal injury suit, it was improper for jury to consider, in arriving at amount of verdict, doctor's and medicine bills, which court did not submit, and plaintiff's attorney's fees.

**2. Trial ⊜⇒337.**

Jury must receive law from court, and are limited by court's charge in measuring damages.

**3. Trial ⊜⇒304—Juror's statements during deliberations as to having seen trains pass crossings without blowing whistle, consideration of injury to one of them in crossing collision, and consideration of amount of recovery which plaintiff's attorneys would receive, held misconduct, requiring reversal of judgment for plaintiff.**

Statement during deliberations by juror, who had been railway mail carrier, that he had often seen trains pass crossings without blowing whistle, and another juror's statement that he had been injured in automobile wreck at crossing, and that plaintiff's attorneys would get at least 25 per cent. of recovery, held misconduct, requiring reversal of judgment for plaintiff, in action for injuries in collision of train with automobile at crossing, where evidence showed that injury did not confine him to home and kept him from work for only few weeks, and issue whether whistle was blown and bell rung was closely drawn.

Appeal from District Court, Henderson County; Ben F. Dent, Judge.

Action by Dewey Dodson against the St. Louis Southwestern Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

E. B. Perkins, of Dallas, E. A. Landman, of Athens, and Richard & A. P. Mays, of Corsicana, for appellant.

Sam Holland and W. R. Thomas, both of Athens, for appellee.

BARCUS, J. This suit was instituted by appellee to recover damages which he claimed to have suffered by reason of an automobile in which he was riding being struck at a public crossing by a train operated by the servants of appellant. The cause was tried to a jury and submitted on special issues, and resulted in a verdict being entered for appellee for $2,750.

[1, 2] Appellant assigns error because of the misconduct of the jury, in that they considered in their deliberations the amount of doctor's bills, medicine bills, and the amount of attorney's fees that appellee would be re-

---

(285 S.W.)

quired to pay. We sustain this assignment. Five or·six of the jurors testified that the questions of doctor's bills, medicine bills, and attorney's fees were discussed in the jury room. The juror Corder testified that he took into consideration in arriving at his verdict the fact that appellee would have to pay part of the amount to his lawyer. The juror Brewer testified that he took into consideration in arriving at his verdict the fact that appellee would have to pay attorney's fees. The jurors Poole and Tindel testified that it was discussed in the jury room that the attorneys would get 25 per cent. of the amount of the judgment. Five of the jurors, in their affidavits which were attached to the motion for new trial, stated that the amount of doctor's and medicine bills and attorney's fees was discussed in the jury room, and that they each took into consideration said items in arriving at the amount of their verdict. The court, in his instruction to the jury, did not submit the items of doctor's bills or medical bills, and it was improper for the jury to take into consideration either of said items or the item of attorney's fees. The jury is required to receive the law from the court and are limited to the measure of damages which they may assess by the court's charge. Payne v. Smith (Tex. Civ. App.) 266 S. W. 441; G., C. & S. F. Ry. Co. v. Harvey (Tex. Com. App.) 276 S. W. 895; Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104; H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606; Rhoades v. El Paso & S. W. Ry. Co. (Tex. Com. App.) 248 S. W. 1064, 27 A. L. R. 1048.

[3] Appellant assigns error because of the misconduct of the jury, in ·that the juror Keton, who had for years been a mail carrier on trains, told the jury, while in their deliberations, that he had many times seen trains go by crossings, and even stations, without blowing the whistle, and because the juror Brewer, who, the record shows, had several years before this trial been injured by a railroad at a crossing by having his automobile wrecked, told the jury about his injury and told them that the attorneys would get at least 25 per cent. of the amount of the recovery; said juror having paid said amount to his attorneys. We sustain these assignments. The only negligence which the jury found appellant guilty of was failure to ring the bell and·blow the whistle. The record in this case shows that there were many improprieties and irregularities on the part of the jury in arriving at their verdict. While there is sufficient testimony to support the amount of the verdict, the evidence with reference to the extent and permanency of the injuries received by appellee shows that his injury did not prevent his being able to leave his home and walk to town, and he was only kept away from his work at most a few weeks. The issue as to whether the whistle was blown and the bell rung was closely drawn. We cannot say that it is not reasonably doubtful that the outside testimony and communications·which the jury received did not cause them to return the verdict which they did. Moore v. Ivey (Tex. Com. App.) 277 S. W. 106; Hines, v. Parry (Tex. Com. App.) 238 S. W. 886; H. & T. C. Ry. Co. v. Gray, supra.

For the errors indicated, the judgment of the trial court is reversed, and the cause remanded.