## LAKE WORTH AMUSEMENT CO. v. MAPLES.

### No. 12265.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 21, 1931.

Julian Mastin and Seay, Seay, Malone & Lipscomb, all of Dallas, for appellant.

McLean, Scott & Sayers, of Fort Worth, for appellee.

DUNKLIN, J.

The Lake Worth Amusement Company, a corporation, maintained · and operated an amusement park at Lake Worth, near the city of Fort Worth, and in connection therewith operated what is known as a Thriller, which consisted of an iron track supported by a wooden structure. The track was constructed with sharp dips and inclines with steep grades, and the running of cars over those rises and declines furnished the thrills which induced patronage of the device by the public as a place of amusement.

Jack Maples undertook to ride upon the Thriller, and he recovered a judgment against the amusement company for damages as the result of injuries he sustained by being thrown from one of the cars while it was running at a rapid rate of speed and as it suddenly dropped down one of the declines from an elevation in the track. From the judgment so rendered, the defendant has appealed.

In answer to special issues, the jury found that defendant was guilty of negligence, which was the proximate cause of the injuries sustained by the plaintiff, in operating the car without a strap or guard across plaintiff's lap to prevent him from being thrown from the car, and also in the manner of the construction of the Thriller, and further found that plaintiff's fall was occasioned by a jerk of the car as it suddenly descended one of the inclines in the track. Those issues of negligence were tendered in plaintiff's pleading as a basis of liability.

There were further findings of the jury exonerating plaintiff from the allegations of contributory negligence pleaded by the defendant.

Upon the issue of measure of damages, the court submitted to the jury the following: "What sum, if paid now in cash, will fairly and reasonably compensate the plaintiff for injuries, if any, sustained by him, of which his falling from defendant's car was the proximate cause. In making your answer to this question there are certain things which you may consider, and certain things you shall not consider. You may consider physical pain and suffering, if any, you believe the plaintiff has sustained to this date, and you may consider loss of earnings, if any, you believe the plaintiff has sustained, to this date, and you may consider reasonable expenses for doctor's services, if any, you believe the defendant has incurred, of which the fall was the proximate cause. You may not consider and you will not discuss, costs of court or attorney fees, or future loss of earnings, or any other element of damage, if any, except as above outlined, if any. Answer: $2,611.00."

Before the submission of the issues, the defendant objected to that portion of the instruction last quoted which permitted the jury to allow damages for loss of earnings, on the ground that no evidence was introduced to show the amount of plaintiff's earnings or the value of services he had performed prior to his injury.

In support of an assignment to that ruling of the court, counsel for appellant has made the statement that there was an absence of any evidence whatsoever in the entire record to show the plaintiff's earnings prior to or at the time of his injury, or the value of any service he was performing. Appellee has filed no briefs, and therefore the statement so made with respect to the record will be accepted as true. See Rule 31, Harris' Rules for the Courts of Civil Appeals. Hence the assignment now under discussion must be sustained. That error would require a reversal of the judgment in the absence of

any showing by counsel for the appellee that it resulted in no harm to appellant, since it was reasonably calculated to have that effect. Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; Lumbermen's Reciprocal Ass'n v. Wilmoth (Tex. Com. App.) 12 S.W.(2d) 972; Floyd v. Fidelity Union Cas. Co. (Tex. Com. App.) 24 S.W.(2d) 363. However, all possible doubt as to the probable injury to the defendant by reason of that instruction is removed by the uncontradicted testimony of two or three of the jurors taken on the hearing of defendant's motion for new trial, based on allegations of misconduct of the jury while considering the case, that of the amount allowed by the jury $1,800 was allowed to plaintiff for loss of services by reason of his injuries and also $551 for his hospital expenses and $10 for his ambulance bill, contrary to the court's specific instructions. The jurors who testified stated that the allowances for loss of services, hospital and ambulance bills were all by reason of the fact that those were the amounts alleged in plaintiff's petition, which the jury had before them at the time they were deliberating upon the verdict. The further assignment of error to the action of the court in refusing to set aside the verdict by reason of such action on the part of the jury is also sustained. A great number of authorities might be cited to sustain this conclusion, but we will refer to only a few. Crystal Palace Co. v. Roempke (Tex. Civ. App.) 227 S. W. 230; St. L. S. W. Ry. Co. v. Dodson (Tex. Civ. App.) 285 S. W. 330, and decisions there cited; Payne v. Smith (Tex. Civ. App.) 266 S. W. 441; Parker v. Bailey (Tex. Com. App.) 15 S.W.(2d) 1033, and numerous decisions there cited.

Upon the hearing of the motion for new trial, the defendant offered testimony of the foreman to show misconduct of the jury as follows: "The jury first agreed that the plaintiff was entitled to recover damages; that after having determined that they would give the plaintiff damages, he, as foreman, informed the jury that before they could answer the question on damages and before they could allow the plaintiff to recover damages, they would have to answer certain of the issues in a certain way, otherwise the plaintiff could not recover his damages; that he would then turn to question No. 13 in the court's charge (which was the issue in which the measure of damages was submitted) before they would answer any of the questions and would, by reading question No. 13, determine how it should be answered for them to give the plaintiff damages; that he would then inform the jury the way that the question would have to be answered and the jury would answer the question so that the plaintiff could recover his damages."

The court sustained an objection to that testimony; which ruling was likewise erroneous. Casstevens v. T. & P. Ry. Co. (Tex. Sup.) 32 S.W.(2d) 637.

There are other assignments of error in the record, the merits of which, if any, will not be discussed, since the rulings complained of may not occur upon another trial. But, for the errors pointed out above, the judgment of the trial court is reversed, and the cause is remanded.