## WESTCHESTER FIRE INS. CO. v. BURNS.
### No. 2747.

Court of Civil Appeals of Texas. Beaumont.
June 14, 1935.

Rehearing Denied June 19, 1935.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Davis, Avery & Wallace, of Center, for appellee.

COMBS, Justice.

This appeal is by writ of error, but we will refer to the parties as appellant and appellee.

At the outset we are confronted with a motion to strike appellant's brief because a copy thereof was not filed in the trial court. See article 2283, Vernon's Ann. Civil Statutes. Transcript and statement of facts were filed in this court on September 6, 1934, and the cause was later set for submission on April 11, 1935. On March 11, 1935, the parties, by their attorneys, filed an agreed motion to postpone submission, which was granted, and the cause reset for submission on May 16, 1935. On the same day the parties filed an agreement that appellant might have until March 16, 1935, in which to file its brief in this court. There was no spe-cific waiver of the filing of brief in the trial court. Appellant's brief was filed in this court on March 16, within the time agreed upon by the parties. Appellee has filed no brief, but instead, two days before the date of submission, filed a motion to strike appellant's brief and dismiss the cause for want of prosecution, the sole and only ground of said motion being appellant's failure to file a copy of the brief in the trial court, in accordance with the statute.

The motion to strike appellant's brief is overruled. Article 2283, above referred to, with reference to the filing of brief in the trial court, is directory and not mandatory. That article of the statute, then article 1417, was so construed by our Supreme Court in San Antonio & Aransas Pass Ry. Co. v. Holden, 93 Tex. 211, 54 S. W. 751, 752. Chief Justice Gaines, speaking for the Supreme Court, in the course of the opinion, said, in construing the statute: "But, while we think that the object of the article in question was to direct the filing of the brief 5 days before the filing of the transcript, we do not think that it was the purpose of the legislature to authorize a dismissal of the appeal on account of every slight departure from the rule. It was doubtless intended that in case of a failure to comply with the provision the courts should give such direction to the case as to secure to the appellee the substantial benefits intended to be secured to him by the act. In our opinion, the legislature contemplated no greater penalty when there was neither a willful nor grossly negligent infraction of the rule."

Such construction of the statute has been followed by numerous decisions of our courts. See the following cases: San Antonio & Aransas Pass Ry. Co. v. Holden, supra; Gerneth v. Galbraith-Foxworth Lmbr. Co. (Tex. Com. App.) 300 S. W. 17; McHard v. Nona Mills Co. (Tex. Civ. App.) 35 S.W.(2d) 1108; Palacios v. Hernandez (Tex. Civ. App.) 277 S. W. 713.

The brief in this case has been on file in this court for two months. For aught the record shows counsel for appellee have been in possession of a copy of it for at least that length of time. It contains but fifty-eight pages and it is quite evident that counsel for appellee have had ample time and opportunity to make a reply to the brief had they cared to do so. So far as the record discloses, they would not

have been in any better position to prepare and file a reply brief had copy of appellant's brief been filed in the trial court in strict accordance with the statute. Yet we are requested by the motion to deny appellant the substantial right of having its cause presented in this court because of a mere technical infraction of the rule.

We think the purpose of all rules relative to the filing of briefs is to provide for the orderly and timely preparation and filing of briefs so that all parties may be afforded opportunity to properly brief their case before the appellate court and have it ready for submission at the time it is reached upon the docket of the court. And in securing such result, it is within the reasonable discretion of an appellate court to strike an appellant's brief for failure to comply with the rule, when to deny the motion to strike would deny to appellee some substantial benefit which the rule is intended to secure to him. But we do not think it would be in keeping with the spirit and purpose of the rule that the ends of justice should be subordinated to a strict interpretation of the mere letter of the rule. To give it such construction would be to make of it a Procrustean bed upon which the rights of litigants must be stretched or hacked off merely to fit the rule.

### On the Merits.

Appellee, H. H. Burns, filed this suit against the appellant in the county court of Shelby county, Tex., seeking to recover $400, the value of a piano lost by fire, and which he alleged was covered by an insurance policy of the appellant in said sum.

On March 19, 1931, appellant's agent at Center, Mr. H. B. Johnson, issued to appellee a fire insurance policy on the Texas Standard form covering a Marshall-Wendell piano situated in appellee's residence in Center. The policy was for one year. It is appellee's contention that when said policy expired on March 19, 1932, said Johnson, acting for the appellant, issued a renewal policy upon the same terms and conditions as the previous policy for a period of one year; that he did not pay the premium on said policy at the time of renewal, but that about April 1, 1932, he did pay the premium to appellant's agent, Johnson, and at that time requested said agent that when said second policy should expire on the following March 19, 1933, that same be again renewed for a period of one year, and that Johnson agreed that said policy would be renewed. In June, 1933, the piano was lost by fire. The agent, Johnson, denied agreeing to issue the renewal policy or the second renewal. It was further shown that the appellant, Westchester Fire Insurance Company, withdrew from business in Center, Tex., in February, 1932, a month or more before the first renewal policy was alleged to have been issued. All policy forms and properties of the company were returned to the company at said time. Upon a trial to the jury, the jury found in response to special issues, in substance, that on March 19, 1932, the company, acting through H. B. Johnson, purporting to act as its agent, did issue to the plaintiff the policy of insurance as alleged, and that said Johnson, purporting to act as agent of the company, did on April 31, 1932, agree to renew the policy for the term of one year from its expiration upon the same terms and conditions as the previous policy and in consideration of the promise of the plaintiff to pay the premium, and that the said H. B. Johnson had apparent authority to renew the policy. Upon these findings the trial court entered judgment for the appellee, as prayed for.

The judgment is without evidence to support it in that it conclusively appears that the appellant company had withdrawn from business in Center, Tex., before the alleged renewal of the policy on March 19, 1932; that after February of that year the purported agent, Johnson, did not represent the appellant, had none of its forms of policy in his possession, and could not have issued the first renewal policy. Such being the case, he certainly could not have made any valid agreement on behalf of appellant on April 1, 1932, for an additional year's renewal of that policy. It is shown without dispute that Mr. Johnson represented several other insurance companies. The alleged renewal policy was not produced in court. If, as contended by the appellee, the agent Johnson did issue a renewal policy, it was evidently the policy of one of the insurance companies which he at that time represented and not the appellant. Since these facts conclusively appear from the record, the judgment of the trial court is clearly erroneous.

The judgment of the trial court is reversed, and judgment here rendered for the appellant.