PYRONAUTS, INC., Appellant,

v.

ASSOCIATED FIRE EXTINGUISHER COMPANY, Appellee.

No. 17823.

Court of Civil Appeals of Texas, Fort Worth.

April 1, 1977.

Newbern & Hogle, and Richard H. Hogle, Fort Worth, for appellant.

Attorneys withdrawn—No brief filed.

## OPINION

SPURLOCK, Justice.

This is a suit on an account, and for reboxing charges incurred when merchandise was returned by the buyer, Associated Fire Extinguisher Company (Associated), to the manufacturer, Pyronauts, Inc. (Pyronauts), in damaged cartons, and a counterclaim by Associated for promotion expenses, freight charges, and fraud for misrepresentation of the product's quality. Trial was to a jury, whose findings were uncertain. The trial court awarded $2,945.00 to Associated. Pyronauts appeals.

Reversed and rendered.

Associated filed no briefs in this case; nor did it appear for oral submission. Under Tex.R.Civ.P. 419, this court may accept any statements made by Pyronauts in its original brief, as to the facts or the record as true, unless challenged. *City of Dallas v. Holcomb*, 381 S.W.2d 347 (Tex.Civ.App.—Dallas 1964), aff'd, 383 S.W.2d 585 (Tex.1964); *Sunray Enterprises, Inc. v. Rosenaur*, 335 S.W.2d 670 (Tex.Civ.App.—Dallas 1960, writ ref'd n. r. e.); *Westchester Fire Ins. Co. v. Burns*, 83 S.W.2d 814 (Tex. Civ.App.—Beaumont 1935, writ dism'd); *Lake Worth Amusement Co. v. Maples*, 36 S.W.2d 1072 (Tex.Civ.App.—Fort Worth 1931, no writ). Therefore, we accept as true any statements made by Pyronauts in its original brief, as to the facts and the record.

Pyronauts is in the business of manufacturing chemicals which it sells to companies that distribute fire extinguishing materials, such as Associated. Associated placed two orders with Pyronauts, for which it was billed $920.00 for the first order, and $9,700.00 for the second. Associated, not satisfied with the quality of the chemicals, sent the second order back to Pyronauts. The boxes were received by Pyronauts in damaged condition, for which Pyronauts charged a 15% reboxing charge, as their contract provided, adding $1,455.00 to the $920.00 still owing on the first order. Associated paid $468.52 toward the account, leaving a balance due of $1,906.48. The parties agreed that Pyronauts would allow a credit on its account for one roundtrip fare between California, Associated's home office, and Fort Worth, Pyronauts' home office. This further reduced the indebtedness to $1,680.74, for which amount Pyronauts sued. Pyronauts also prayed for interest, attorney's fees, and costs. Associated filed a counterclaim, alleging that Pyronauts fraudulently misrepresented the quality of the chemicals, and that Associated relied on the misrepresentation to its detriment, spending $500.00 to promote the product, and $2,200.00 in freight charges. It prayed for those amounts, in addition to $2,200.00 exemplary damages and attorney's fees.

The case was submitted to the jury on special issues. The jury found Associated was indebted to Pyronauts in the amount of $1,455.00 reboxing charge, plus $2,000.00 attorney's fees for preparation and trial, plus $750.00 for appeal to the court of civil appeals and $750.00 for appeal to the supreme

court. However, it also found that Pyronauts made fraudulent representations, but found actual damages in the amount of "$2200 freight." It also found $5,000.00 exemplary damages for Associated.

The court reduced these amounts to judgment against Pyronauts in the sum of $2,945.00, from which it appeals.

The jury was not requested to find whether the chemicals were substandard, but rather whether Pyronauts made representations of material facts regarding the *production* of the chemicals, which they found had been made, were false, were made with the intent to induce Associated to buy them, and were reasonably relied upon to Associated's detriment. However, the next special issue, "Find from a preponderance of the evidence the amount of money, in dollars and cents, Defendant, Associated Fire Extinguisher Company, sustained as actual damages. Answer in dollars and cents, if any," was answered "$2200 Freight." To this, the jury added exemplary damages of $5,000.00.

Taking as fact all representations made by Pyronauts, we find there was no evidence introduced to show what amount, if any, Associated paid for freight. However, attorney for Associated, in his jury argument said, "Did he sustain damages? He sure did. How much? $1,100.00 for the freight to send the 40,000 pounds out there, $1,100.00 to send it back, and $500.00 that he spent at least on his distributorship, or $2,700.00 in damages."

■ The rule on reconciling uncertainties and ambiguities in jury verdicts is that the court may look to the pleadings and the evidence. 3 McDonald, Texas Civil Practice Rev., § 15.06.1 (1970). As the court stated in *Rountree Motor Co. v. Smith Motor Co.*, 109 S.W.2d 296, 300 (Tex.Civ.App.—Beaumont 1937, writ dism'd), "It is a rule long sanctioned by the decisions of our courts that reference may be had to the record for the purpose of removing ambiguities and ascertaining the true intent of the verdict of the jury."

■ By referring to Associated's pleadings, we find the figure of $2,200.00 freight, and by referring to its jury argument, we see how the jury was apprised of the figure. While there was no evidence introduced from which the jury could have found $2,200.00 freight, the reference to the pleadings is sufficient to clarify the uncertainty as to the jury's intent. It intended not to reimburse Associated for any promotional costs or any fraud, but for the freight charges only.

However, the jury was not requested to find whether there was a freight charge, or how much a reasonable freight charge would be. Absent a finding of a charge for freight, the jury cannot find damages for one. 3 McDonald, Texas Civil Practice Rev., § 12.23.1 (1970); *State v. Hale*, 136 Tex. 29, 146 S.W.2d 731 (1941); *Service Life Insurance Company v. Miller*, 271 S.W.2d 301 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n. r. e.). And absent any evidence of a freight charge, an issue would have been improper. *Bonney v. San Antonio Transit Company*, 160 Tex. 11, 325 S.W.2d 117 (1959); *Rubner v. Kennedy*, 417 S.W.2d 860 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.); *Wynnewood Development Company v. Belmares*, 295 S.W.2d 441 (Tex. Civ.App.—Eastland 1956, no writ); *Martin v. Weaver*, 161 S.W.2d 812 (Tex.Civ.App.— El Paso 1941, writ ref'd w. o. m.).

We hold the trial court was in error in not having disregarded the jury's answer to Special Issue 12.

■ Since we hold there were no actual damages properly awarded Associated, it follows that there can be no exemplary damages either. We therefore hold the trial court erred in not disregarding the jury's answer to Special Issue 13.

We sustain all of Pyronauts, Inc's., points of error.

We render the judgment that the court below should have rendered. Tex.R.Civ.P. 434.

We reverse the judgment of the trial court and render judgment that Associated Fire Extinguisher Company recover noth-

ing on its counterclaim against Pyronauts, Inc.; we render judgment that Pyronauts, Inc., recover from Associated Fire Extinguisher Company the sum of $1,455.00 actual damages and the additional sum of $3,500.00 attorney's fee and if Associated Fire Extinguisher Company does not carry this cause of action by appeal or writ of error to the Supreme Court of Texas, then this judgment shall be credited with the sum of $750.00 as attorney's fee, leaving recovery for attorney's fee herein in the sum of $2,750.00. See *International Security Life Insurance Co. v. Spray*, 468 S.W.2d 347 (Tex.1971).